THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM WARDROP, Appellant, v. JOHN P. ADAMS, Commissioner of the Department of City Works, in and for the City of Brooklyn, Respondent.

*Chapter 708 of 1887, giving a preference to honorably discharged soldiers and sailors — it does not entitle a veteran, whose office is abolished, to displace another officer to whose duties the duties of the office so abolished have been added.*

The relator, an honorably discharged veteran from the Union army, who had held the position of lamp clerk in the department of city works, in the city of Brooklyn, was removed from his position by the commissioner of city works, who had abolished the position upon economical grounds, and attached the duties of that office to those of a clerk who held the office of assistant notice and complaint clerk. The latter clerk had since performed the duties which were done by the relator, as well as those done by the notice and complaint clerk, before the reorganization of the office.

No claim was made that the commissioner did not act in good faith.

*Held,* that a claim made by the relator that the entire office, as reconstructed, should have been given to him, under the provisions contained in chapter 708 of the Laws of 1887, could not be sustained, as the spirit of that act did not require that if an office was abolished the incumbent, if a veteran, should displace another officer who was not a veteran

Appeal by the relator from an order made at the Kings County Special Term on November 13, 1888, and entered in the office of the clerk in the county of Kings on the same day, denying the prayer of the relator's petition for a *mandamus.*

*Sidney Williams,* for the relator, apppellant.

*Almet F. Jenks,* for the respondent.

Barnard, P. J.:

The relator is an honorably discharged veteran from the Union army. He held the position of lamp clerk in the department of city works in the city of Brooklyn.

There was no cause for his removal from his position, but the commissioner abolished the position upon economical grounds, and attached its duties to the position of assistant notice and complaint clerk. This clerk was an existing officer at the time of the change, and he has since performed the duties which were done by relator as well as those done by the notice and complaint clerk before the reorganization of the office. There is no claim that the commissioner did not act in good faith. Was there a removal of an officer without cause assigned and without notice? The Court of Appeals in *Phillips* v. *The Mayor* (88 N. Y., 245) held that the right to hold office during good behavior did not prevent the discharge of a clerk discharged without a hearing where the clerkship was abrogated.

In the case of *Langdon* v. *The Mayor* (92 N. Y., 427) it was held that a clerk who held office during good behavior could be discharged without notice when the duties were so diminished that the services of the clerk were no longer needed. The claim is not well founded that the entire office, as reconstructed, should have been given to relator. If he was properly discharged because his office was not needed, he had no claim to be appointed to the office of complaint clerk. No reason is given other than the fact that the complaint clerk is not a veteran. The spirit of the act in respect to veterans (chap. 708, Laws of 1887) does not require that if an office is abolished the incumbent, if a veteran, shall displace another officer who is not such.

The order should be affirmed, with costs.

PRATT, J., concurred.

Order affirmed, with costs and disbursements.