PEOPLE ex rel. O'CONNOR v. ADAMS.     **141**

Second Department, June Term, 1889.

Pratt, J., concurred.

Judgment affirmed, with costs.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES H. O'CONNOR, Appellant, v. JOHN P. ADAMS, Commissioner of the Department of City Works, Respondent.

*Veteran — appointment and retention of in office, in preference to all others.*

The department of public works of the city of Brooklyn, having made a requisition for the service of four temporary clerks, the names of the relator and of three others, of whom the relator was the only discharged soldier, were furnished by the civil service commission, and all such parties were appointed. Subsequently, the business having decreased, the relator was discharged, but the three clerks who were appointed to the temporary clerkships with the relator were retained under such appointment.

*Held,* that the legislature, by chapter 464 of the Laws of 1887, intended that, in such case, the discharged soldier should be discharged the last of the temporary clerks so appointed and that he was entitled to a *mandamus* directing that he be reinstated in the position from which he had been discharged.

Appeal by the relator from an order made at the Kings County Circuit, and entered in the office of the clerk of the county of Kings on the 27th day of March, 1889, denying his motion for a *mandamus* to compel the respondent, John Adams, commissioner, to recognize Charles H. O'Connor, the relator, as a clerk in the bureau of water rates in the department of city works, and as the person entitled to have and hold said position and employment, and to receive the salary attached to said position and employment, and to have and enjoy the emoluments thereof.

*Sidney Williams,* for the relator.

*William T. Gilbert,* for the respondent.

Barnard, P. J.:

The relator is an honorably discharged Union soldier. He passed the examination of the civil service commission of the city of

Brooklyn and was put at the head of the eligible list. In May, 1888, the department of public works of the city made a requisition for the services of four temporary clerks. The name of the relator and of three others were cited, who were all appointed; relator was the only soldier. The papers showed that in the month of May in each year the water rates are payable and that the necessities of the public business required the services of temporary clerks. To meet this difficulty the relator was appointed, and in the month of June, 1888, the business had returned to its usual volume, and could be performed by the regular clerks; the relator was discharged because the temporary office had become useless. By the terms of the civil service act he was put at the head of the eligible list again. No appointment for permanent employment has been since made, but the clerks who were appointed to the temporary clerkship with the relator have been retained under that appointment. If all these temporary clerks had been discharged, the case would fall with the case recently decided — *People ex rel. Wardrop* v. *Adams* (51 Hun, 583.) It was held in that case that the city was not bound to continue an employment which had become a sinecure. The present question is different. Four clerks are appointed to a temporary position and for no definite term. The soldier had the preference in the appointment. (Chap. 464 of Laws of 1887.) The words of the act are broader than the appointment only. Soldiers shall be preferred for "appointment and employment." The legislature by this language intended that the relator should be discharged last of the four temporary clerks, when he was the only soldier on the list.

The order should, therefore, be reversed, with costs and disbursements, and motion granted, with ten dollars costs.

DYKMAN, J., concurred.

Order reversed, with costs and disbursements and motion granted, with costs.