### HIGGINS *v.* MAYOR, ETC., OF CITY OF NEW YORK.

(*Supreme Court, General Term, First Department.* May 15, 1891.)

MASTER AND SERVANT—WRONGFUL DISCHARGE—COMPENSATION.

A laborer in the employ of a city, who was discharged and afterwards reinstated on the ground that he was an honorably discharged Union soldier of the late war,

may recover his wages from the city for the time that he was so deprived of employment. Distinguishing *Dolan* v. *Mayor, etc.,* 68 N. Y. 275; *McVeany* v. *Mayor, etc.,* 80 N. Y. 185; *Terhune* v. *Mayor, etc.,* 88 N. Y. 247.

Exceptions from circuit court, New York county.

Action by Daniel A. Higgins against the mayor, etc., of the city of New York. A verdict was directed for plaintiff, and defendant moves for a new trial, on exception ordered to be heard at general term in the first instance.

Argued before VAN BRUNT, P. J., and DANIELS and LAWRENCE, JJ.

*Jeroloman & Arrowsmith,* (*Elliot Sandford,* of counsel,) for plaintiff. *William H. Clark,* Corp. Counsel, (*Walker Hartwell,* of counsel,) for defendant.

DANIELS, J. The plaintiff was employed as a laborer at the dog pound in the city of New York. That employment was terminated, by the act and authority of the mayor, on the 7th of March, 1889, and another person was employed to and afterwards did render the same service. The plaintiff in October following commenced a proceeding by *mandamus,* to secure his restoration to his position, on the ground that he was an honorably discharged Union soldier of the late war, and that resulted in his restoration in February, 1890. After that he brought this action to recover his wages during the interval, and a verdict was directed in his favor, and to that an exception was taken by the defendant. Whether that exception was well taken is the important point now to be decided. On behalf of the defendant it is maintained that it is, and the cases of *Dolan* v. *Mayor, etc.,* 68 N. Y. 275; *McVeany* v. *Mayor, etc.,* 80 N. Y. 185; and *Terhune* v. *Mayor, etc.,* 88 N. Y. 247,—are brought to the attention of the court in support of this position. But they are all cases of public officers unlawfully removed, having fixed salaries, assigned by law for the incumbent of the office; and it was held that payment of the salaries to the person actually in the office for the time was a defense against the action of the rightful official for its subsequent recovery. But the plaintiff was not an official nor the occupant of an office. He was a laborer only; and when a laborer or other person may be employed by a public or private corporation, or by an individual, to render personal services, and he has been unlawfully discharged, he is entitled to the stipulated compensation for his services during the time he is necessarily unemployed; and the employment and payment of another person has never been allowed as a defense for the employer. These cases have been uniformly held to depend upon the fact whether the discharge was without legal cause, and, when it appears to have been so, there the employer has been uniformly held to be liable. The case is substantially one of contract, and not of official selection or appointment. That was the nature of the plaintiff's employment. It resulted from his preceding honorable service as a Union soldier, and his selection for this employment. The law then assured him a preference in its continuance. That is the plain language of chapter 464 of the Laws of 1887. By its first section it has declared that, "in every public department, and upon all public works of the state of New York, and of the cities, towns, and villages thereof, and also in non-competitive examinations under the civil service rules, rules, or regulations of the same, wherever they apply, honorably discharged Union soldiers and sailors shall be preferred for appointment and employment. Age, loss of limb, or other physical impairment, which does not in fact incapacitate, shall not be deemed to disqualify them, provided they possess the business capacity necessary to discharge the duties of the position involved." And, by the second section, "all officials or other persons having power of appointment to or employment in the public service, as set forth in the first section of this act, are charged with a faithful compliance with its terms, both in letter and spirit, and a failure therein shall be a misdemeanor." This law gave the plaintiff a vested right to the continuation of his employment, over the person selected in his place to render the same service. It had all the force and effect of a

clearly made and well-defined agreement that he should be retained in this service; and the violation of its provisions, on no well-defined principle, could relieve the defendant from the duty to perform its obligations. To violate that obligation has been made a misdemeanor, and the commission of the offense cannot, with any consistency, be assigned as a legal protection against the payment of the compensation to which the plaintiff would without it have been clearly entitled. The statute was intended to secure to him this right, and he cannot be deprived of it by a mere violation of its injunctions; and it has been in its effect so already considered in the cases of *People* v. *French*, 5 N. Y. Supp. 712; *People* v. *Adams*, 6 N. Y. Supp. 128; and *Sullivan* v. *Gilroy*, 8 N. Y. Supp. 401. The direction of a verdict for the plaintiff was right, even though he was discharged from his employment instead of being suspended, as he most probably was. The discharge was entirely without right, and could not deprive him of the emoluments of his employment; and, as there are no other exceptions worthy of consideration, that which has been referred to should be overruled, and the plaintiff should have judgment on the verdict, with costs. All concur.