## SULLIVAN *v.* MAYOR, ETC., OF CITY OF NEW YORK.

*(Supreme Court, General Term, First Department.  June 26, 1891.)*

MASTER AND SERVANT—WRONGFUL DISCHARGE—COMPENSATION.

> Plaintiff, an honorably discharged Union veteran, was employed by the commissioner of public works as a day-laborer, and while so employed was discharged before the completion of the work. *Held,* that plaintiff was entitled to recover his *per diem* wages for the time that the work on which he was employed continued after his discharge.  Following *Higgins* v. *Mayor, etc.,* 14 N. Y. Supp. 554.

Exceptions from circuit court, New York county.

Action by John Sullivan against the mayor, aldermen, and commonalty of the city of New York.  Defendant moves for a new trial on exceptions ordered to be heard in the first instance at general term.

Argued before VAN BRUNT, P. J., and BARRETT and PATTERSON, JJ.

*Jeroloman & Arrowsmith,* for plaintiff.  *Wm. H. Clark, (Sidney J. Cowen,* of counsel,) for defendant.

VAN BRUNT, P. J.  The following facts appeared upon the trial, or were admitted by the pleadings:  The plaintiff, an honorably discharged Union veteran, was prior to May, 1889, duly employed by the commissioner of public works as a laborer, at the rate of two dollars a day, repaving defective street pavements.  While so employed on said day he was discharged by the said commissioner.  It further appeared that the plaintiff worked in a gang with seven or eight other men, and that he was the only honorably discharged Union soldier in it, and that all the rest were retained to work in that gang throughout the year 1889.  The plaintiff, after his discharge, instituted proceedings, and a writ of *mandamus* was issued out of this court requiring the commissioner to reinstate him within two days.  An appeal was taken, and the judgment was affirmed in all things, with costs, in January, 1890, and on the 10th of February he was reinstated.  But it is claimed that the plaintiff, being a day-laborer, could not recover at all; and it was admitted that, in case any recovery should be had, it should be for the sum of $311.  Upon this state of facts the court directed a verdict for $311, to which exception was taken.

We are of opinion that the case of *Higgins* v. *Mayor, etc.,* 14 N. Y. Supp. 554, (decided by this court in May, 1891,) disposes of the question now before the court.  It is urged upon the part of the defendant that it does not, because the plaintiff was a day-laborer, whereas the plaintiff in the case cited was paid but once a month during the time of his employment; his hiring being two dollars a day, and not at the rate of two dollars a day.  It appeared from the evidence in this case that there was work to be done; and, according to the decision of this court in the case of *Higgins* v. *Mayor, etc.,* the plaintiff had a vested right to the continuation of the employment as long as the work was to be done; and, that right having been illegally refused him, he was entitled to recover the wages which he would have received had the employment been given him to which he was entitled.  It is not necessary, in view of the case cited, to discuss the question as to whether he was entitled to such priority or not, as that seems to be disposed of, and we can see no distinction in law between the case at bar and the case cited.  The exceptions should be overruled, and the plaintiff have judgment upon the verdict, with costs.  If the defendant desires to carry the question to the court of appeals, a certificate will be granted.

BARRETT, J.  I cannot concur in the rule laid down in *Higgins* v. *Mayor, etc.*  If that rule is correct, the veterans who, from time to time, have sought restoration by *mandamus,* went through an idle and quite unnecessary ceremony.  Indeed, the writs of *mandamus* in their cases should have been de-

nied, because the relators thus had a perfect remedy at law; for, if the plaintiff's right of action rests upon a contract of employment, he had only to tender service and sue the city, day by day, for his agreed two dollars. I do not see why, under the same reasoning, this right of action would not accrue to him, even if he had never been employed, so long as the right to original employment existed under the laws, and was refused. The right to employment is thus treated as legally equivalent to actual employment. Usually, a contract calls for the meeting of two minds. Here, however, the city is held to have contracted by mere operation of law, and without any act or assent upon its part. The statute of 1887 contemplated no such consequences; otherwise, the provisions looking to specific enforcement of its mandate, and even making a violation of its spirit a misdemeanor, were superfluous. They certainly were not needed to insure to the veteran all his rights, if the law itself, acting upon the required conditions, vested him with those rights, regardless of official refusal. In my judgment, the city here owes nothing to the plaintiff, for the simple reason that he performed no work for it during the period covered by his complaint. The city cannot be mulcted because of the wrong done the plaintiff by a public officer in originally refusing him employment, contrary to law, or discharging him when employed, contrary to law. *Terhune* v. *Mayor, etc.*, 88 N. Y. 251. He can only recover from the city for work actually done for it, whether under employment willingly given by the public officer in compliance with the law, or forced from him by the judicial execution of the law. And that employment in the case at bar only commenced when the plaintiff was reinstated by *mandamus.* Prior to that time he was seeking employment under the law, but he had it not. But, while I am unable to concur in the views expressed in *Higgins* v. *Mayor, etc.*, I am bound by the decision. For that reason I feel constrained to concur.