PEOPLE *ex rel.* THORNTON *v.* BOARD OF PUBLIC PARKS.

(Common Pleas of New York City and County, General Term. February 1, 1892.)

HONORABLY DISCHARGED UNION SOLDIERS—IMPROPER DISMISSAL.

> The failure of an appropriation for work in an "annexed district" under the control of the department of public parks, and to which an honorably discharged Union soldier had been transferred, constituted no excuse for his discharge, when laborers were being employed and retained by the board for work in other sections under control of the department.

Appeal from special term.

Application for writ of *mandamus* at the relation of Thomas Thornton against the board of public parks, requiring relator's reinstatement as an honorably discharged Union soldier in his place of park laborer. From an order granting the writ, defendant appeals. Affirmed.

Argued before DALY, C. J., and BOOKSTAVER, J.

*George M. Van Hoesen,* for appellant. *Wm. H. Clark,* for respondent.

DALY, C. J. The finding of the trial judge that the relator, Thornton, had capacity to discharge the duties of a laborer in the parks, was amply sustained by the evidence. He had been employed in the department of parks for seven years, down to December 30, 1890, when he was discharged. Mr. Parsons, the superintendent of parks, testified that he was capable of doing his work; and Mr. Huss, the foreman of the department, testified, in effect, that Thornton could work as good as any, when he was watched, although he was reported at other times to go as slowly as he possibly could. There was evidence *pro* and *con* upon the question whether Thornton was idle and shirked his work; and some attempt was made, which wholly failed, to show that he was guilty of stirring up dissension; but the trial judge found in his favor on all these issues, and the defendants have not excepted to such findings. In view of the long service of Thornton in the department, of the absence of any formal charges against him while so employed, and of the fact of his dismissal being placed upon the express ground of want of work and failure of appropriation, the trial judge was undoubtedly justified in disregarding the rather weak evidence adduced by defendant against the relator's character as a conscientious workman. The discharge of Thornton was not justified by

lack of work or lack of money.   He was a regular employe of the department in and about the city parks, and in the fall of 1890 was sent to the "annexed district," of which the department then had charge.   The jurisdiction over that section was transferred by authority of the legislature to a commissioner of street improvements, and the appropriation for work in that section was exhausted; but there was money and work for laborers like Thornton in the other sections of the city of which the park department had control; and when they discharged Thornton, on December 30, 1890, they retained in their employment about 150 laborers, and immediately after his discharge began to employ many more.   These facts were found by the trial judge upon evidence which leaves no question of the propriety of his decision.   As Thornton is an honorably discharged Union soldier, he was entitled by law to be preferred, not only for appointment, but employment,—Laws 1887, c. 464,—and preference in employment requires that the veteran soldier serving as a laborer should be retained while any laborers were employed,—*People* v. *Adams,* (Sup.) 6 N. Y. Supp. 128,—for the act charges the public officials with a faithful compliance with its terms "both in letter and spirit."

We are referred to the case of *People* v. *Gallup,*[1] LAWRENCE, J., (Sup. Ct., Special Term, First Dept., May 11, 1891,) as authority for sustaining the defendant's contention that the transfer of jurisdiction in the annexed district from the park department, and the consequent suspension of work in that territory on the part of the department, with the failure of funds for such work, justified the discharge of all employes of the department working in said district.   But there was absent in that case such proof as there is before us of a controlling fact, viz., that at the time of the relator's discharge there was work to be done in other sections under control of the department, and other laborers were retained to perform it.   The final order directing the issuance of a peremptory *mandamus* should be affirmed, with costs.

---

[1] The opinion of Mr. Justice LAWRENCE in the case of People ex rel. Moore v. Gallup is as follows: "The relator claims to be a veteran who served in the army of the United States during the war of the Rebellion, and was honorably discharged therefrom, and therefore, under the facts alleged in this petition, entitled to employment by the respondents.   The affidavit read by the respondents avers that, under the provisions of chapter 545 of the Laws of 1890, all jurisdiction of the territory north of the Harlem river, previously under the jurisdiction of the respondents, constituting the 23d and 24th wards of the city of New York, was transferred, with all the material, books, etc., to the commissioner of street improvements for said wards.   It is further shown that all employes of the department of public parks working in said wards were thereupon discharged by the respondents; there being no further work for them to do in said territory.   The respondents' affidavits also show that since the act referred to took effect the department of public parks has done no work of the description mentioned by the relator in said wards, and has had no funds on hand to pay for the same, and that no funds have been appropriated therefor by the board of estimate and apportionment. It is further averred that since the 31st day of December, 1890, all maintenance work in said wards, of the character mentioned in the moving papers, has been done under the commissioner of street improvements for said wards, created by the act of 1890. There is also an averment that, without discrimination or preference, every foreman and other employe of the said department engaged upon the work aforesaid in said wards was discharged, to take effect on the 31st day of December, 1890, for lack of work and of any funds to pay their wages.   All the allegations in the moving papers which would entitle the relator to relief being denied, the writ of *mandamus,* which is a prerogative writ, and much within the discretion of the court, must be denied.   The respondents no longer have jurisdiction of the territory in which the relator was formerly employed; they have no funds with which to pay him, and his remedy, if any he has, must be against the recently created street commissioner.   I do not mean by this to be understood as saying that relator is entitled to any remedy whatever.   It is sufficient to say that he establishes no right to the remedy he seeks against the respondents in this case.   The motion for a *mandamus* is therefore denied, without costs."