## SUPREME COURT.

THE PEOPLE, &c., *ex rel.* ISAAC EVANS agt. THE BOARD OF COMMISSIONERS OF THE DEPARTMENT OF PUBLIC PARKS.

THE SAME *ex rel.* GEORGE H. HARRISON agt. THE SAME.

THE SAME *ex rel.* JOSEPH F. BELTON agt. THE SAME.

THE SAME *ex rel.* WILLIAM E. BEAMES agt. THE SAME.

*Certiorari — Removal of clerks from the public service — When notice of the cause, and an opportunity to explain, is not necessary.*

The return of the respondents, the commissioners of public parks, to the writs of *certiorari*, shows that they discharged the relators, who were clerks in the department of parks, from the public service, because the appropriation for the maintenance of the park department, for the year in which the relators were severally discharged, had been reduced by the board of apportionment below the appropriation for the previous year, which necessitated the reduction of expenses and the removal:

*Held,* that the terms of chapter 335, section 28, of the laws of 1873, which prohibits the removal of a clerk until he has been informed of the cause of his proposed removal, and an opportunity has been offered him for making an explanation does not apply. That notice and an opportunity to explain applies to cases where the removal is proposed to be made for

The People *ex rel.* Evans agt. Board of Com'rs of Public Parks.

cause *personal to the party*, or when it is sought arbitrarily and without adequate reason, to substitute another person in the place of one proposed to be removed.

*Special Term, August*, 1880.

CERTIORARI to the commissioners of public parks.

*Nelson J. Waterbury*, for relators.

*William C. Whitney*, counsel to the corporation, opposed.

VAN VORST, *J.*— The relators have instituted these proceedings by *certiorari* to review the action of the respondent in removing them from clerkships in the department of public parks. It is claimed on the behalf of the relators severally, that no notice of their proposed removal was given to them, and no opportunity for a hearing or for explanation was afforded them, and that the grounds assigned by the returns to the *certiorari's* were not the true grounds for their removal. This action on the part of the respondent is claimed by the relators to have been a violation of the Laws of 1873 (*page* 491, *chapter* 335, *section* 28), and they seek to be restored to their places. The returns to the *certiorari's* disclose, as the reason for discharging the relators from the public service, that the appropriation for the maintenance of the park department for the year 1876, being the year in which the relators were severally discharged, was reduced by the Board of Apportionment below the appropriation for the prior year, and that the Park Commissioners, after prolonged discussions and reports upon the method of reducing the expenses, so as to bring them within the appropriation, and in furtherance of the duty imposed upon them by law, discharged the relators from employment because their services were no longer needed, and the duties theretofore performed by them were distributed amongst and added to the services to be performed by other employes in the public service.

If the reasons assigned by the respondent were true, and upon this hearing they must be assumed to be so, I cannot perceive that the action of the respondent was illegal, or that it can be interfered with by this court.

The provisions of law, which it is claimed by the relators were violated, is in these words: "No regular clerk, or head of a bureau, shall be removed until he has been informed of the cause of the proposed removal, and has been allowed an opportunity of making an explanation, and in every case of a removal the true ground thereof shall be forthwith entered upon the records of the department or board."

The design of the statute was to impose a limitation upon the department from causeless and unjust removals of persons appointed to the public service, and to hold them to accountability for removals, for which a valid reason in the law could not be assigned.

The limitation contained in the statute is in the interest of the public, which is best promoted by keeping in the service honest clerks who have attained experience in their employment, and besides it is a matter of justice to the employe himself, whose summary displacement, and the appointment of another in his place, may give rise to an implication of infidelity, or unskillfulness on his part, which an examination and explanation might have wholly dispelled.

But no such reasons exist when a clerk is discharged from the public service because the moneys appropriated by the body charged with that subject are insufficient to keep up the clerical force to the standard which had obtained when larger appropriations were made, or when for such cause his services are no longer needed.

The notice is indispensable, and an opportunity should be afforded to the clerk to make an explanation, when such explanation might prevent the proposed removal.

It is quite evident that the section applies only to cases where the removal is proposed to be made without just cause personal to the party, or when it is sought arbitrarily, and

without adequate reason, to substitute another person in the place of one proposed to be removed.

In the case of *The People on the Relation of Mundy* agt. *The Fire Commissioners* (72 *N. Y.*, 445–449), ALLEN, J., clearly suggests such a view of this section; He says: "The party against whom the proceeding is taken must be informed of the cause of the proposed removal, and be allowed an opportunity of explanation. ' This necessarily implies that the cause is to be some dereliction or general neglect of duty, or incapacity to perform the duties, or some delinquency affecting his general character and his fitness for the office. The cause assigned should be personal to himself, and implying an unfitness for the place."

This is reiterated by the same judge in *The People ex rel. Sims* agt. *The Fire Department* (73 *N. Y.*, 437).

The department was under an imperative duty to adjust their expenditures to the amount of the appropriation. How that was to be accomplished was to be determined by them exclusively. And if, as the return shows, it led in the end to the discharge of all the relators, with other employes, they have no just cause of complaint. Being clerks in the departments, they could not have been ignorant of the discussions of the commissioners, and of the reports which extended through several meetings.

No explanation from the relators could affect the judgment or action of the commissioners, nor present a reduction of expenses, through their discharge, if such result seemed necessary to the commissioners, and I do not see any principle or reason which would justify this court in reviewing their decision, or pronouncing it to be erroneous.

It would be no advantage to these men to order them to be reinstated in their clerkships, the duties of which are performed by other public servants, and when there is no funds with which to pay their salaries, and it would be an unjust burden on the public when it appears that their services are not needed.

Other objections are taken by the respondent to these proceedings, amongst which is one of laches. But it is not necessary to pass upon them. For the reasons above mentioned the writs of *certiorari* should be quashed.