133   232
137   200
133   232
149   225
133   232
152   231
133      232
78 AD 375

EUGENE F. LETHBRIDGE, Respondent, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellant.

In May, 1886, plaintiff was appointed a clerk in the department of public works, of the city of New York, at a specified salary, which the written notice given to him of his appointment stated was " to be paid from the appropriation for repairing and renewal of pipes, stop-cocks, etc., salaries." On January 20, 1887, plaintiff received a notice that in "consequence of insufficient appropriation and a necessary reduction of force," he was suspended. In an action to recover salary after that date, on the ground that plaintiff was not legally suspended or discharged, it appeared that there was an appropriation for the purposes specified in the appointment for the year 1887, which was exhausted during that year, except a small sum insufficient to have paid plaintiff's salary, had he been continued, and that there was no appropriation for 1888 or 1889, *held*, that the nature and tenure of plaintiff's appointment was to be governed by the law on that subject, in force at the time it was made, and as by the New York Consolidation Act it is provided that "no expense shall be incurred by any of the departments * * * unless an appropriation shall have been previously made covering such expense, nor any expense in excess of the sum appropriated;" also, making it the duty of the heads of all departments to so regulate the expenditures for any purpose or object, that they will not exceed the appropriation therefor, and relieving the city from any liability for any sum in excess of the appropriation (Chap. 410, Laws of 1882), plaintiff's employment and right to salary was properly terminated when the appropriation was expended; that the statement in the notice that his compensation was payable from a specific appropriation, impliedly, but necessarily limited the term of

his employment to a period when that appropriation was available to pay his salary, and he must be deemed to have accepted the appointment with that understanding; and so that the provision of the Consolidation Act (§ 48) prohibiting the discharge of "a regular clerk" without giving him a hearing and an opportunity to make explanation did not apply.

*Gregory* v. *Mayor, etc.* (113 N. Y. 416); *Emmitt* v. *Mayor, etc.* (128 id. 122), distinguished.

(Argued April 14, 1892; decided April 26, 1892.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made July 2, 1891, which amended, and as amended, affirmed a judgment in favor of plaintiffs, entered upon a decision of the court on trial at Special Term.

This action was brought by plaintiff to recover salary alleged to be due him as a clerk in the department of public works of the city of New York.

The facts, so far as material, are stated in the opinion.

*Sidney J. Cowen* for appellant. The agreement between the commissioner of public works and the plaintiff, that the latter should be paid from the specific appropriation "for repairing and renewal of pipes, stop-cocks, etc., salaries," was a competent one. (*Emmitt* v. *Mayor, etc.*, 128 N. Y. 122.) The failure of appropriation is a complete defense. (Laws of 1882, chap. 410, §§ 46, 47; *Durphy* v. *Mayor, etc.*, 8 Hun, 482; *Donovan* v. *Mayor, etc.*, 33 N. Y. 291; *McDonald* v. *Mayor, etc.*, 68 id. 23; *Evans* v. *Comrs., etc.*, 60 How. Pr. 132.) The commissioner of public works had power to discharge plaintiff without notice of reason and opportunity to be heard. (Laws of 1882, chap. 410, § 48; *People ex rel.* v. *Comrs., etc.*, 60 How. Pr. 132; *Mundy* v. *Fire Comrs.*, 72 N. Y. 445; *People ex rel.* v. *Fire Department*, 73 id. 437; *Phillips* v. *Mayor, etc.*, 88 id. 245.) Apart from other considerations, defendants cannot be successfully charged with a liability for a wrongful removal, displacement or suspension made by one of its officers, in defiance of the statute. (Laws of 1887, chap. 464; *Higgins* v. *Mayor, etc.*, 131 N. Y. 128.)

• *B. C. Chetwood* for respondent. The plaintiff being a "regular clerk," could not be removed without being informed of the cause and being allowed a hearing. This is the fundamental law of the city and involves a constitutional right. (Laws of 1882, chap. 410, § 48.) No attempt was made to discharge the plaintiff, either with or without cause, with or without a hearing, until after this suit was begun. The order ·was, "you are hereby suspended," and that could not and did not effect a removal. (*Gregory* v. *Mayor, etc.*, 113 N. Y. 410 ; *Morley* v. *Mayor, etc.*, 35 N. Y. S. R. 262.) It was not proper to reduce the judgment by the pittance earned from time to time by plaintiff in temporary employments. (*Fitzsimmons* v. *City of Brooklyn*, 102 N. Y. 536 ; *Morley* v. *Mayor, etc.*, 35 id. 262.)

O'Brien, J. The plaintiff has recovered a judgment for salary, at the rate of $1,000 per annum, for the period of two years, six months and nineteen days, from the 20th day of January, 1887. During that period, he rendered no service, but claims that as he had not been removed from his position, he was entitled to the salary. On the 15th of May, 1886, the commissioner of public works notified the plaintiff in writing that he was promoted from the position of laborer and appointed clerk in the department of public works, at $1,000 per year, "to be paid from the appropriation for repairing and renewal of pipes, stop-cocks, etc., salaries." There is no dispute as to the fact that the board of estimate and apportionment, in the year 1886, appropriated, for the purpose above mentioned, $50,000 for the year 1887. This appropriation was exhausted on the 31st of December, 1887, except the sum of $116.89, and no appropriation whatever for this purpose was made for the years 1888 and 1889, so that during the period for which the plaintiff has recovered his salary, there was no fund available for its payment. The plaintiff was not appointed to an office with a fixed salary or compensation, but a clerkship in the department of public works. The power of appointment and of fixing and regulating the salary to be paid was con-

ferred upon the commissioner and the plaintiff's employment was not for any fixed period of time. The nature and tenure of the appointment must be governed by the law on that subject in force at the time it was made and the letter of appointment must be read in connection with the following provisions of the Consolidation Act:

"§ 46.    *    *    *    No expense shall be incurred by any of the departments, boards or officers thereof, unless an appropriation shall have been previously made covering such expense, nor any expense in excess of the sum appropriated in accordance with law.

"§ 47. It shall be the duty of the heads of all departments of said city, and of all boards and officers charged with the duty of expending or incurring obligations payable out of the moneys raised by tax in said city, so to regulate such expenditures for any purpose or object, that the same shall not in any one year exceed the amount appropriated by the board of estimate and apportionment for such purpose or object; and no charge, claim or liability shall exist or arise against said city for any sum in excess of the amount appropriated for the several purposes."

The appointment of the plaintiff was accompanied by a statement that his compensation was payable from a specific appropriation which was then made. This impliedly, but necessarily, limited the term of plaintiff's employment to a period when that appropriation was available to pay his salary. The plaintiff must be deemed to have accepted the appointment with full notice that his salary was payable only from a special and designated appropriation, and that when this appropriation was exhausted his employment should terminate, in the absence of a new appropriation for the same purpose. When the commissioner made the appointment, he evidently had in view the provisions of law which limited his power to create an obligation against the city beyond or in excess of the sum specifically appropriated for that purpose, and the plaintiff must be deemed to have accepted the appointment with the same understanding and the same limitations. Whenever,

therefore, the appropriation from which the plaintiff's salary was payable was exhausted and the authorities failed to make a new one for the same purpose, the commissioner had the right and it was his duty to terminate the employment, to the end that a liability or obligation should not accrue or be created against the city, in excess of the sum appropriated for the purpose. This is further emphasized by section 48 of the Consolidation Act:

" The number and duties of all officers and clerks, employes and subordinates in every department, except as otherwise herein specifically provided, with their respective salaries, whether now fixed by special law or otherwise, shall be such as the heads of the respective departments shall designate and approve, but subject also to the revision of the board of estimate and apportionment, provided, however, that the aggregate expense thereof shall not exceed the total amount duly appropriated to the respective departments for such purposes."

The board of estimate and apportionment made no further appropriation for the payment of the plaintiff's salary and when the money available, at the time of his employment became exhausted, the commissioner addressed a letter to him stating that " in consequence of an insufficient appropriation and a necessary reduction of force you are hereby suspended from the position of clerk from this date." Whether this notice was called a suspension or a dismissal is of very little consequence. It operated to terminate the plaintiff's employment and right to salary from that date. The contingency provided for in the terms of the plaintiff's appointment and in the law, namely, the exhaustion of the appropriation had happened, and the power and duty of the commissioner to terminate the employment, at least until another appropriation was made was unquestionable, and the exercise of this power furnishes to the plaintiff no legal or just ground of complaint. It may be that under the operation of the civil service rules the plaintiff might be entitled to be restored to the position when a new appropriation was made and when it became lawful to fill the place again, but his right to draw any more

salary from the city ceased when the appropriation was expended and he had notice of it. (*Donavan* v. *Mayor, etc.*, 33 N. Y. 291; *McDonald* v. *Mayor, etc.*, 68 id. 23; *Dunphy* v. *Mayor, etc.*, 8 Hun, 482.) But it is urged that the plaintiff could not be dismissed or his right to remain in the position and draw the salary terminated without giving him an opportunity to be heard, under the first paragraph of section 48 of the Consolidation Act. The plaintiff was certainly informed of the cause of his removal, and the only thing wanting in this case to furnish a full compliance with that section is the circumstance that the plaintiff was not "allowed an opportunity of making an explanation." The provision of the statute giving a clerk or officer the right to a hearing and an opportunity to make an explanation is wholly inapplicable to a case where the removal was made for the reason that the appropriation applicable to the payment of the salary has been expended. The right to make an explanation in such cases necessarily implies that the cause of removal is some dereliction or general neglect of duty or incapacity to perform the duties, or some delinquency affecting his general character and his fitness for the office or place. The provision has no application to a case where the incumbent was dismissed for want of funds or in order to reduce expenses and when at the time of the dismissal he had notice of that fact. (*People ex rel.* v. *Fire Commissioners*, 72 N. Y. 445–449; *People ex rel.* v. *Fire Comrs.*, 73 id. 437; *Phillips* v. *Mayor, etc.*, 88 id. 245.)

The Supreme Court upon certiorari to review the action of the department of parks in discharging clerks without complying with the requirements of this statute, gave to it a construction which we think is a just and reasonable one. The learned judge who gave the opinion thus stated with great clearness the reasons for the enactment of the statute, its general policy and the cases to which it applies.

"The limitation contained in this statute is in the interest of the public, which is best promoted by keeping in the service honest clerks who have attained experience in their employment, and besides it is a matter of justice to the employe him-

self, whose summary displacement, and the appointment of another in his place, may give rise to an implication of infidelity or unskillfulness on his part, which an examination and explanation might have wholly dispelled.

"But no such reasons exist when a clerk is discharged from the public service because the moneys appropriated by the body charged with that subject are insufficient to keep up the clerical force to the standard which had obtained when larger appropriations were made, or when for such cause his services are no longer needed.

"The notice is indispensable, and an opportunity should be afforded to the clerk to make an explanation, when such explanation might prevent the proposed removal.

"It is quite evident that the section applies only to cases where the removal is proposed to be made without just cause personal to the party, or when it is sought arbitrarily, and without adequate reason, to substitute another person in the place of one proposed to be removed." (*People, etc.*, v. *Board of Parks*, 60 How. Pr. 130.)

The cases of *Gregory* v. *Mayor, etc.* (113 N. Y. 416) and *Emmitt* v. *Mayor, etc.* (128 id. 122) do not apply. In both cases it was held that an incumbent of a public office, suspended without cause but not dismissed, was entitled to his salary during the period of suspension. In these cases the plaintiff had not been dismissed by reason of the expiration of his time of employment, or for want of funds or upon a hearing; and, therefore, they form no guide in the disposition of this.

The judgment of the General and Special Terms should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.