### GORE v. MAYOR, ETC., OF THE CITY OF NEW YORK.

(Superior Court of New York City, Jury Term. January, 1893.)

Action by Charles B. Gore against the Mayor, etc., of the city of New York.

McADAM, J. The plaintiff was appointed "leveler" by the department of parks, December 16, 1885, at an annual salary of $900, and was "suspended" January 16, 1886. He was paid for all services actually rendered, and sues to recover salary until July 7, 1892, upon the theory that under Gregory v. Mayor, 113 N. Y. 416, 21 N. E. 119, "suspension" is not equivalent to "discharge," hence his pay continued, though he did no work. In that, as in the Emmitt Case, 128 N. Y. 117, 28 N. E. 19, the plaintiff held an "office," within the meaning of that term; yet neither its tenure nor salary was fixed by statute. The court regarded the salary as belonging to the incumbent, as an incident of his office, irrespective of the quantum of service rendered. The principle was clearly enunciated in Fitzsimmons v. City of Brooklyn, 102 N. Y., at page 538, 7 N. E. 787, as follows: "We have often held that there

is no contract between the officer and the state or the municipality by force of which the salary is payable. That belongs to him [the incumbent] as an incident of his office, and so long as he holds it; and, when improperly withheld, he may sue for it and recover it." Here the plaintiff held no office. Olmstead v. Mayor, 42 N. Y. Super. Ct. 481; Sullivan v. Same, 47 How. Pr. 491, 48 How. Pr. 238. He was at most a skilled laborer, and can recover no compensation except upon the theory of services actually performed. Conner v. Mayor, 5 N. Y., at page 296; O'Connor v. Same, 11 Hun, 176. The fact that the compensation was fixed at the rate of $900 per year did not (under the rule applicable to public servants) convert it into a definite hiring by the municipality for that period. Gillespie v. Mayor, 6 Daly, 286. When a department employs a skilled or menial laborer, without fixing a definite period for the continuance of the contract, the department may terminate such employment whenever the public good requires, and of this it is the sole judge. The power is certainly properly exercised where, for any reason, a reduction of the force becomes necessary, and particular services can be dispensed with without injury to the city. This power necessarily exists where the authority to remove is not restrained by some express statutory provision. In Phillips v. Mayor, 88 N. Y. 245, and Langdon v. Same, 92 N. Y. 427, it was held that, notwithstanding the statutory prohibition that "no regular clerk * * * shall be removed until he has been informed of the cause of the proposed removal and has been allowed an opportunity of making an explanation," such an official may be removed without trial, hearing, or notice, where his services are no longer needed. Such officials may be removed, also, for want of a sufficient appropriation or to reduce expenses. Phillips v. Mayor, 88 N. Y. 245; Lethbridge v. Same, 133 N. Y. 237, 30 N. E. 975. The position held by the plaintiff was not an "office," within the meaning of that term. Its duties were not defined by law, but were such as the department might at pleasure assign to it. The plaintiff was at all times under the direction and control of superiors, and was practically their servant or agent. The position was not of that permanent or official character that draws pay after it, as an incident where no services whatever are performed. The suspension had the effect of stopping the plaintiff from working, and this, in turn, terminated his right to pay. A formal discharge could not have been more effectual in consummating the purpose. The technical principles of the Gregory and Emmitt Cases do not reach the point involved here, and to attempt to apply them might lead to the inference that perpetuity of pay has become a feature of the public service, and rendition of services of little or no consequence. In this case, "work" and "pay" are correlative terms. When one ceases, the other stops. This is as it should be. The direction of a verdict in favor of the plaintiff was error, and the defendant's motion for a new trial must be granted.