(21 Misc. Rep. 600.)

### SHEEHAN v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County.    November, 1897.)

1. MUNICIPAL CORPORATION—PARK EMPLOYE.
    One employed as a laborer by the department of parks does not hold an office to which a salary is incident, so that on discharge he can recover for the balance of the month.

2. SAME—PAY DURING ABSENCE.
    A laborer employed by the park commissioner was informed by the superintendent that a refusal to apply in writing for a two weeks' leave of absence without pay might result in his discharge. He applied as directed, every two weeks thereafter, and was given leave of absence from time to time until his final discharge. Held, that there was no duress in the suggestion of the superintendent sufficient to entitle him to his pay for the period of his absence, based on the fact that he reported to the superintendent every two weeks.

3. SAME—RIGHT TO DISCHARGE LABORERS.
    When the appropriation for the park upon which a laborer is employed to work is exhausted, the park commission has a right to discharge him.

Action by Richard Sheehan against the mayor, aldermen, and commonalty of the city of New York to recover for services.    Judgment for defendants.

A. D. Parker, for plaintiff.

F. M. Scott, Corp. Counsel (R. S. Barlow, of counsel), for defendants.

McADAM, J.    The plaintiff was employed as a laborer by the department of parks, at $75 per month, and sues to recover what he terms a balance of salary as an incident to his office.    The difficulty is that the plaintiff held no office, but was merely a menial employé (Sullivan v. Mayor, etc., of New York, 53 N. Y. 652; Costello v. Mayor, etc., of New York, 63 N. Y. 48; Olmstead v. Mayor, etc., of New York, 42 N. Y. Super. Ct. 488; Meyers v. City of New York, 69 Hun, 291, 23 N. Y. Supp. 484); so that the rule that salary is an incident is inapplicable.    This leads to the inquiry whether the plaintiff is entitled to recover on any other theory.    On December 22, 1889, the day on which the plaintiff's claim begins, he directed to and served on the commissioners of parks a paper asking that he be granted a leave of absence for two weeks without pay.    The request was officially acted upon, and leave granted on the same day.    The plaintiff sent this request to the board, because he was informed by the superintendent of parks that refusal to do so might be followed by discharge.    At the end of every two weeks thereafter, during

the period for which salary is claimed, a similar request for leave of absence without pay was made by the plaintiff, and granted in like manner. The plaintiff was finally discharged, and subsequently made claim for compensation for the off weeks or time during which no services were rendered; and the recovery sought is for that period, founded on the isolated fact that during the interval he reported to the superintendent. This is not sufficient. The right of recovery is apparently based on Gregory v. Mayor, etc., of New York, 113 N. Y. 416, 21 N. E. 119, and Emmitt v. City of New York, 128 N. Y. 117, 28 N. E. 19; but these cases are inapplicable to an ordinary employment like the plaintiff's. See Cook v. City of New York, 9 Misc. Rep. 338, 30 N. Y. Supp. 404, affirmed 150 N. Y. 578, 44 N. E. 1123; Gore v. Mayor, etc., of New York (Super. N. Y.) 30 N. Y. Supp. 405; Meyers v. City of New York, supra. The suggestion of the superintendent that, unless the plaintiff asked for leave of absence, he might be discharged, does not amount to duress. Doyle v. Rector, etc., of Trinity Church, 133 N. Y. 372, 377, 31 N. E. 221; Day v. Manufacturing Co., 13 Misc. Rep. 320, 34 N. Y. Supp. 463. The appropriation for Morningside Park, in which the plaintiff was employed to work, was exhausted December 23, 1889; and this circumstance, apart from any other, gave the defendant the right to discharge him. Lethbridge v. City of New York, 133 N. Y. 232, 30 N. E. 975. There must be judgment for the defendant.

Judgment for defendant.