[S. F. No. 1391. Department One.—March 24, 1899.]

## THOMAS WHITE, Appellant, v. CITY OF ALAMEDA, Respondent.

Municipal Corporations—Hiring of Driver—Monthly Salary—Office—Master and Servant.—The hiring of a driver of a street wagon belonging to a city, at a monthly salary, for no specified period, by virtue of a resolution passed by the city trustees, does not create an office which continues, without regard to service, until the resolution is rescinded or changed, but creates only the relation of master and servant, under a salary to be paid monthly when the service is performed, and not unless it is performed.

APPEAL from a judgment of the Superior Court of Alameda County. W. E. Greene, Judge.

The facts are stated in the opinion.

Clinton G. Dodge, for Appellant.

E. K. Taylor, for Respondent.

CHIPMAN, C.—Action for services as driver of a street wagon. The complaint alleges that one M. M. White (plaintiff's assignor) was employed by defendant on April 19, 1897, "to drive the street wagon and to take care of the horses of defend-

ant, at a salary of sixty dollars per month"; that this employment was by virtue of a resolution of the trustees of defendant passed on said day "appointing and employing" said White "driver of the street wagon, and to take care of the horses of defendant, at a salary to be paid said White therefor by defendant of sixty dollars per month." It is alleged that "said resolution remained in full force and effect from and including the said nineteenth day of April, 1897, to the first day of November, 1897, on which said last-named date said M. M. White resigned from said employment." It is further alleged that defendant failed to furnish any work to be performed by White for the months of June, July, August, September, and October, 1897, "but that during all of the period of said last-named months said M. M. White was able, ready, and willing to perform the work authorized to be done, and which he was employed to do under and by virtue of said resolution." It is alleged that said White was paid to June 1, 1897, but no more. The action is for three hundred dollars, wages for five months, at sixty dollars per month.

Defendant demurred to the complaint on the grounds: 1. Insufficiency of facts; 2. Uncertainty in some particulars. Judgment was given for defendant on demurrer, from which plaintiff appeals.

Appellant says in his brief that he alleged in the complaint that no services were performed during the months for which pay is claimed, although he was ready and willing to perform, "for the purpose of shortening the case and testing the question on demurrer." It is claimed by appellant that "the contract was a definite, entire and continuing one, lasting to a certainty as long as the same was not discontinued by legislative action on the part of the defendant"; that the resolution of defendant created an office and appointed plaintiff to it, and that the office and employment continue until the resolution is rescinded or plaintiff is discharged from the employment. (Citing *People v. Stratton,* 28 Cal. 382; *People v. Hammond,* 66 Cal. 654; *Stone v. Bancroft,* 112 Cal. 652; *Webster v. Wade,* 19 Cal. 292; 79 Am. Dec. 218; Civ. Code, sec. 1999.) Replying, defendant claims that there is nothing in the pleadings to show that the resolution relied upon created or attempted to create an office, or that plaintiff was appointed to any office or became a public officer; the

city of Alameda is a municipal corporation of the fifth class, organized under the act of March 13, 1883 (Stats. 1883, c. vi, p. 250), and the charter created no such office; that defendant's assignor, White, was employed for no special term, and the time adopted for estimating his wages was one month, and his hiring is presumed to be for one month (Civ. Code, secs. 2010, 2011); and that his service comes within the definition of master and servant. (Civ. Code, sec. 2009.)

The resolution under which defendant entered service is not pleaded, nor is its substance given, otherwise than it is alleged that defendant adopted a resolution appointing and employing one M. M. White "driver of the street wagon and to take care of the horses of the defendant." This did not constitute White an officer, such, for example, as the state librarian mentioned in *People v. Stratton, supra,* who, it was held, continued in office after the expiration of his term, and until his successor was duly selected and had qualified, although the law creating the office did not authorize him to do so. The rule there laid down was based upon the reason that civil functionaries, like the state librarian, are charged with the duty of the safekeeping and current management of public property committed to their custody, and are by law made responsible as such custodians, and that the public business requires that these duties shall be discharged without interruption. The case in 66 California, *supra,* was that of police commissioners, whose appointment was under an act which did not fix the term. But we cannot regard the driver of a street wagon as any such officer, or as coming within the reason of the rule stated in *People v. Stratton, supra.* Nor can we regard the resolution, so far as we can judge from what is said of it in the complaint, as amounting to anything more than a minute entry by defendant in its proceedings that it had hired plaintiff to do the work at the monthly compensation of sixty dollars. No inference can be drawn from anything in the pleadings or the resolution that defendant was to receive pay when he did no work, or that it was a continuing employment to last until the resolution might be rescinded or until defendant was formally discharged. The complaint alleges that defendant "failed to furnish any work to be performed by said M. M. White under said resolution for the months," et cetera—the months for which

he now claims salary. Doubtless this was because the defendant had no use for White's services. We cannot see that the fact that White was able and willing to perform the services put any duty upon defendant to keep him employed, nor that it became liable for failing to do so.

Appellant insists that White was not a servant in the sense in which that term is used in the Civil Code, sections 2009, 2010, 2011, but that he was an employee (if not an officer) as defined in section 1965 of the Civil Code.

As we understand title VI, entitled "Service" (Civ. Code, sec. 1965 *et seq.*), there is no necessary distinction between the terms "servant" and "employee." The title deals with three classes of service, and the obligations of the employer and employee toward each other. Under this title of "service" are agents, factors, shipmasters, mates, and seamen under the head of "particular employments," where are found "master and servant." The term "employee" may sound more euphonious than the term "servant," but there is no substantial difference between the two except as the statute makes a difference. All public officers are "servants" of the people. In speaking of the various occupations which fall under the head of workmen or employees, Mr. Schouler says that the relation of master and servant may well be said to apply, and he adds that in this country "it is gratifying to reflect that the servant is frequently the social equal, or even the superior, of his master." (Schouler on Domestic Relations, sec. 455.) Section 1997 of the Civil Code provides that: "Every employment is terminated: 1. By the expiration of the appointed time." Section 2010 of the Civil Code provides that "a servant is presumed to have been hired for such length of time as the parties adopt for the estimation of wages"; and section 2011 of the Civil Code provides that "in the absence of any agreement . . . . as to the term of service, the time of payment, or rate or value of wages, a servant is presumed to be hired by the month, at a monthly rate of reasonable wages, to be paid when the service is performed." Here the complaint shows a hiring for no specified time but at a monthly rate of wages, and it shows payment for all the time that service was rendered. The claim now urged in our opinion rests upon a false basis, to wit, that the resolution created an office, and that White, upon his appointment,

continued in office and was entitled to pay as such officer, whether he performed service or not, at the stipulated monthly salary, because the defendant did not formally repeal the resolution.

We think the relation of master and servant was created by the employment, nothing more nor less, just as the relation is created and regarded between a railroad or other private corporation, where persons are employed to perform special service, not "an independent calling." The books are full of cases where. the relation of master and servant is recognized and so designated as existing between railroad and other corporations and their employees.

It is possible that the allegation in the complaint that White "continued to be employed by defendant in said capacity, at said salary of sixty dollars per month, until the first day of November, 1897," would be sufficient upon general demurrer. Plaintiff, however, does not rely upon that allegation but seeks a decision only upon his theory of the case.

As we think his theory is unsound, it is advised that the judgment be affirmed.

Britt, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.        Harrison, J., Garoutte, J., Van Dyke, J.