## Trestrail v. Drewes et al.

*Mervyn R. Turk*, for plaintiff.
*Albert J. Williams*, for defendants.

FRONEFIELD, P. J., October 31, 1935. — The plaintiff filed a petition for a writ of mandamus against the defendants, who are the county commissioners, the county controller, and the county treasurer of this county, alleg-

ing that he was duly appointed assistant county detective of this county on January 4, 1932, at a salary of $2,600 per year; that he competently performed his duties from January 4, 1932, until October 2, 1933, and was duly compensated therefor; that during the period from October 2, 1933, to November 24, 1933, he discharged his duties "in a competent manner, fully and faithfully, and to the satisfaction of the district attorney"; that he resigned his position on November 25, 1933; that he is entitled to compensation for his services from October 2, 1933, to November 25, 1933, inclusive; that the defendants are the proper officers to draw, honor, and pay warrants therefor; that he has made demand upon them to draw, honor, and pay a warrant or warrants for such compensation but that they have refused to do so.

Upon this petition, a writ of alternative mandamus was issued. A return and a supplemental return were made by the defendants, in which they denied that the plaintiff had competently discharged his duties from January 4, 1932, to October 2, 1933, and alleged that he had "violated his oath of office and was guilty of misdemeanor in office during said time and prior thereto". They further alleged that, although plaintiff had been compensated for that period, they did not then know that he had violated his oath of office and been guilty of misdemeanor in office. The defendants deny that during the period from October 2 to November 24, 1933, the petitioner discharged his duties as assistant county detective in a competent manner, fully and faithfully, and aver that during said time he was on trial as a defendant in the United States Court for the Eastern District of Pennsylvania on a criminal prosecution by the United States Government and was personally present in that court throughout the business hours of each day during said period and was not free fully and faithfully to discharge his duties as assistant county detective. Furthermore, they averred that the defendant was found guilty of the

charge for which he was tried, to wit, conspiracy to violate the Federal liquor laws. Demurrers were filed to the return and supplemental return.

It is the contention of the petitioner that the office of assistant county detective is a public office and that the salary thereof fixed by the legislature attaches to the position and depends solely upon the plaintiff's occupancy of the office and not on the manner of the plaintiff's performance of his duties. To quote from the plaintiff's brief, his position is stated thus:

"Plaintiff was entitled to his salary during the term he held office absolutely regardless of the manner in which he performed his duties, and indeed, regardless of whether he performed them at all".

On the other hand, the defendants contend that the plaintiff's office is not a public one and that the plaintiff did not perform the duties of his office during the term for which he seeks compensation and that he violated his oath of office and, as a result, he is not entitled to compensation.

Two questions are involved in this case, whether an assistant county detective is a public officer and whether he can be deprived of compensation by reason of misconduct in office and for failure to perform his duties.

The question as to what offices are public offices has been before the courts on many occasions, but we have been unable to find any case defining the status of an assistant county detective.

The plaintiff received his appointment under the Act of May 2, 1929, P. L. 1278, art. III, sec. 277, as amended by the Act of June 9, 1931, P. L. 401, sec. 1, as follows:

"In counties of the third class, the district attorney may appoint one chief county detective, and five assistant county detectives. . . the five assistant county detectives shall receive annual salaries of two thousand six hundred dollars ($2,600) each. . . .

"Such county detectives shall hold their position during the term of the district attorney appointing them and

shall be removable at his discretion. They shall have, possess and exercise all of the rights and powers conferred by existing law upon constables, so far as such laws relate to crimes and criminal procedure, and shall, when requested by the district attorney, make an investigation and endeavor to obtain such evidence as may be required in any criminal case. They shall also perform such other duties as the district attorney may direct. Such county detectives shall be allowed their expenses actually and necessarily incurred in the performance of their duties."

A definition of a public officer can be found in Commonwealth, ex rel., v. Moore, 266 Pa. 100, where it was said:

"The term, 'public officers,' is descriptive of many officials whose positions were created by legislature subsequently to the adoption of the Constitution of 1874. Where the duties of the office are to be exercised for the benefit of the public for a stipulated compensation to be paid by the public, where the term is definite and the tenure certain and where the powers, duties and emoluments become vested in a successor when the office becomes vacant, it can confidently be affirmed that the occupant of the place is a public officer within the meaning of the Constitution".

See also Wiest v. Northumberland County et al., 115 Pa. Superior Ct. 577.

Under these and similar definitions, it has been held that sheriffs, coroners, real estate assessors, clerks of court, assistant district attorneys, etc., are public officers. On the other hand, it has been recognized that some officers, although they have some public duties to perform, are not to be considered public officers because their work is mostly of a ministerial nature. These have been termed petty officers, and included in that classification are policemen: Commonwealth, ex rel., v. Black, 201 Pa. 433; constables: Glessner's Case, 289 Pa. 86; and State highway patrolmen: Commonwealth v. Miller, 94 Pa. Superior Ct. 499. Thus, while they may be officers in the sense that they may be indicted for malfeasance in office:

Commonwealth v. Miller, supra; nevertheless, they are not such officers as are to be included in the constitutional provisions as to decrease in salary or as to methods of removal: Commonwealth, ex rel., v. Black, supra.

We feel that a county detective also falls within the latter classification. His duties are similar to those of a policeman or a constable and he works under the direct orders of the district attorney. He is more of a ministerial agent than an independent officer.

In addition, all of the elements set forth in the definition of a public officer are not present. While the duties of the office are exercised for the benefit of the public and the officer is to receive a stipulated compensation paid by the public, nevertheless, he performs no governmental functions nor are his duties of a grave and important character, involving any function of the government; his tenure is not certain, and the powers, duties, and emoluments do not automatically vest in a successor when his office is vacant. The act provides that the district attorney "may" appoint a certain number of assistant county detectives, but it does not require him to do so or to fill any vacancy that may occur. Therefore, we feel, and so hold, that the plaintiff is not a public officer.

The plaintiff, by demurring, admits the correctness of the allegations in the answer, which are properly pleaded.

During the working hours of the days for which the petitioner here claims compensation, he admits he was being tried in the United States district court, where he was convicted of conspiracy to violate the Federal liquor laws, which laws he was appointed to assist in enforcing.

One who is not a public officer but who is only a municipal employe is not entitled to compensation solely as an incident to his position, but must render service in order to establish his right to be paid. In 43 C. J. 902, §1652, it is said:

"An employee of a municipal corporation, unlike an officer of such corporation, is not entitled to compensation

as an incident to his employment; his right to compensation depends upon the existence of a valid appointment or contract of employment, as well as on a performance by him in accordance with the terms of his contract and the rules and regulations prescribed by statute, unless such performance was unlawfully prevented by the municipality."

It is further stated in 43 C. J. 903, §1653, as follows:

"An employee of a municipal corporation is not entitled to compensation for the time during which he has been absent, unless the municipal authorities expressly, or impliedly, agree to pay him therefor".

In Downey v. City of New York, 84 Misc. 435, 146 N. Y. Supp. 145, the court said: "A city employee absent from duty without leave cannot recover salary without service." See also Sheehan v. Mayor, etc., 21 Misc. 600, 48 N. Y. Supp. 662; Conlin v. Board of Education, etc., 43 Misc. 125, 88 N. Y. Supp. 210; Sutliffe v. City of New York, 132 App. Div. 831, 117 N. Y. Supp. 813; Doyle v. City of New York, 132 N. Y. Supp. 774; Devlin v. City of New York, 149 N. Y. Supp. 1061; Mandeville v. The College of the City of New York, 197 App. Div. 107, 188 N. Y. Supp. 656; White v. City of Alameda, 124 Cal. 95, 56 Pac. 795.

While we have found no Pennsylvania cases on this point, we agree with the reasoning expressed in the California and New York cases. Furthermore, this is the rule generally applied in ordinary cases involving contracts of employment, and while the appointment of the petitioner by the district attorney may not be construed as a contract, nevertheless, since he does not come within the exception covering public officers, he cannot recover compensation for a period during which he rendered no services to the county.

It follows that the demurrer must be dismissed.