JAMES LANGDON, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

A regular clerk in a department of the government of the city of New York, whose services are no longer needed, may under the charter

of that city of 1873 (Chap. 335, Laws of 1873) be removed by the head of the department without any previous trial, hearing or notice ; the provision of said charter (§ 28) declaring that "no regular clerk * * * shall be removed until he has been informed of the cause of the proposed removal, and has been allowed an opportunity of making an explanation," does not apply to such a case.

(Argued May 3, 1883 ; decided May 11, 1883.)

Appeal from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made June 10, 1882, which affirmed a judgment in favor of defendant, entered upon an order dismissing plaintiff's complaint on trial.

This action was brought to recover a sum alleged to be due plaintiff as salary. In 1875 the plaintiff was employed as a regular clerk in the bureau of the commissioners of taxes in the finance department of the city of New York, at a salary of $1,200 a year ; on the 23d of June, 1875, he received a notice from the comptroller informing him that said officer proposed removing him from his office ; the alleged cause of removal being a diminution of business in the department ; and he was advised that he would be allowed an opportunity to make any explanation to the comptroller on the 24th of June, at an hour named. He appeared before the comptroller, and was then informed that his removal was on account of the diminution of business, by reason of which his services were no longer required. On the same day he was discharged, by notice in writing announcing that his removal was to take place on the 1st of July following.

*Charles P. Miller* for appellant. Plaintiff was a regular, not a temporary, clerk, and as such could only be removed for cause. (Laws of 1873, chap. 335, § 28 ; *People, ex rel. Munday,* v. *Fire Commissioners,* 72 N. Y. 445.)

*David J. Dean* for respondent. The plaintiff held his office for no fixed term, and was subject to removal at the pleasure

of the appointing power, provided the conditions and method of removal prescribed by the legislature were observed. (*Gillespie* v. *Mayor*, 6 Daly, 286; *People* v. *Comptroller*, 20 Wend. 595.) The plaintiff might have been lawfully removed for the reason that his services were no longer required on account of the diminution of public business, without any prior notice of cause. (*People, ex rel. Evans*, v. *Commissioners of Parks*, 61 How. 130; *Phillips* v. *Mayor*, 88 N. Y. 246; *Dunphy* v. *Mayor*, 8 Hun, 479.)

EARL, J. The plaintiff was a regular clerk in the finance department of the city of New York, and was removed because his services were not needed. There was no contract, express or implied, to retain him in the service of the department for any definite time. He held his place subject to the power of the comptroller to remove him at any time under the provisions of the city charter. (Laws of 1873, chap. 335, § 28.) That power was unlimited, except that it was provided that " no regular clerk or head of bureau shall be removed until he has been informed of the cause of the proposed removal, and has been allowed an opportunity of making an explanation." That limitation does not apply to a case like this. Its purpose was fully explained in the cases of *People, ex rel. Munday*, v. *Fire Commissioners* (72 N. Y. 445), and *Phillips* v. *Mayor, etc.* (88 id. 245). In the latter case it was held not to apply to a case where a regular clerk was discharged, not to make way for another, but because there was no further need of his services, or because there were no funds provided for his payment. Here the business of the department had so diminished that the plaintiff's services were not needed. For such cause the comptroller had the absolute power of removal, without any previous trial, hearing or notice, and hence the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.