The motion must be granted, with $10 costs. All concur.

PEOPLE ex rel. McCANNA v. BOARD OF COM'RS OF CHARITIES AND CORRECTIONS OF KINGS COUNTY.

(Supreme Court, Appellate Division, Second Department. January 26, 1896.)

OFFICE AND OFFICER—REMOVAL—ABOLISHING OFFICE.

Laws 1893, c. 129 (which applies to Kings county only), providing that the chief engineer (at the time of its passage) in charge of the county buildings should not be removed, except for cause, and after hearing, does not take away the power vested in the board of commissioners of charities and corrections by Laws 1880, c. 284, § 4, to abolish the office in their discretion; and the good faith of the board in so doing cannot be questioned in certiorari, as against their return.

Certiorari, on relation of Patrick McCanna, to review the action of the board of commissioners of charities and corrections of the county of Kings in abolishing the office of chief engineer of said board. Quashed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

William J. Kelly, for relator.
John A. Quintard, for respondent.

BROWN, P. J. The relator seeks by this proceeding to review the acts of the respondent in abolishing the office of chief engineer of the board of commissioners of charities and corrections of the county of Kings, and removing him therefrom, without charges being preferred against him, or a trial had. It appears that the relator was appointed chief engineer of said board of commissioners on January 1, 1890, and held such position continuously until October 1, 1895, when he was discharged. In 1893 the legislature enacted a law entitled "An act relating to the chief engineer having charge of the county buildings in counties of this state having upwards of 700,000 inhabitants." Laws 1893, c. 129. This act prescribed various duties to be performed by the chief engineer therein named,

"wherever he had been appointed under existing laws," and provided that "said chief engineer shall hold office during good behavior and shall not be removed except for cause, after the preferring of charges, upon notice and a trial thereof before the said commissioners or other officers." The city and county of New York was excepted from the operation of this act, and it was therefore operative only in Kings county, and the only individual affected by it was the relator. The return to the writ sets forth that by a resolution of said board of commissioners adopted at a regular meeting held September 4, 1895, the office of chief engineer was, on and after October 1, 1895, abolished, for the reason that on said date the care of the insane in the county of Kings was to be assumed by the state, and said commissioners would thereafter be relieved from the care of the asylums at Flatbush and Kings Park, and the services of a chief engineer would no longer be necessary. I do not understand the learned counsel for the relator to contend that the respondent could not in good faith abolish the position of chief engineer. His argument appears to rest upon the proposition that the provision of the statute that the chief engineer could be removed only for cause, upon charges preferred, and after a trial, rendered the decision of the commissioners that the office was unnecessary, and should be abolished, subject to review by the court. We are of the opinion that this position is unsound. The statute of 1893 did not create a public office. Neither, in terms, did it create the position of chief engineer. It prescribed the duties of the person who at the time of the passage of the act was fulfilling such a position, and protected him from discharge, except for cause, and after a trial upon charges preferred. There is nothing in the act which prohibits the commissioners from abolishing the position, nor is there any ground for implication that such was the purpose of the legislature. The provision that the incumbent of the office should not be removed, except for cause, and after a trial, did not prevent the commissioners from abolishing the office. Phillips v. Mayor, etc., 88 N. Y. 245; Langdon v. Mayor, etc., 92 N. Y. 427. Under chapter 284, § 4, Laws 1880, the creation and abolishment of the office lay wholly in the discretion of the commissioners, and the power thus conferred is not taken away by the act of 1893. The question of the good faith of the commissioners in abolishing the office is not before us for review. Upon that question the relator is concluded by the return. People v. Commissioners, 106 N. Y. 64, 12 N. E. 641. The office of a writ of certiorari is to correct errors of a judicial character made by inferior courts and special tribunals exercising judicial powers. It will not lie to review acts resting wholly in discretion, or mere ministerial acts. There was nothing judicial in the act abolishing the office of chief engineer. The power to perform that act rested in the discretion of the commissioners, and for its exercise in good faith the relator has no legal ground of complaint.

The writ must be quashed, with $10 costs and disbursements. All concur.