PEOPLE ex rel. GUTHEIL v. WOODBURY, Street Cleaning Com'r, et al.

(Supreme Court, Appellate Division, Second Department. March 3, 1905.)

1. NEW YORK CITY CHARTER—CIVIL SERVICE—REMOVAL OF UNIFORMED EMPLOYÉS.

An order notifying a sawyer employed by the department of street cleaning, that "you are discharged from this department as a sawyer, your services being no longer required," does not necessarily import that the position of sawyer has been abrogated, or that the department of street cleaning has no longer any work for a sawyer, so as to exclude the operation of Greater New York Charter (Laws 1901, p. 242, c. 466) § 537, providing that no member of the uniformed force of the department of street cleaning shall be removed until after a hearing, and requiring the true grounds of removal to be entered upon the records of the department.

2. SAME—DISCHARGED EMPLOYÉS—RECOVERY OF COMPENSATION.

Greater New York Charter (Laws 1901, p. 242, c. 466) § 537, providing that a removed member of the uniformed force in the street cleaning department, who is successful in a proceeding instituted to review his discharge, shall be entitled to be reinstated, and to receive full pay during the time of his suspension or removal from office, does not authorize the recovery of compensation in the reinstatement proceeding itself.

3. SAME.

Under Greater New York Charter (Laws 1901, p. 242, c. 466) § 537, providing that a member of the uniformed force in the street cleaning department improperly discharged shall be reinstated, and recover compensation, there can be no recovery in the reinstatement proceeding for lost wages where no evidence warranting a finding as to the amount thereof is introduced.

Appeal from Special Term, Kings County.

Mandamus proceedings by the people, on the relation of John J. Gutheil, against John McGaw Woodbury, as commissioner of street cleaning of the city of New York, and another. From an order confirming the referee's report, and directing the issuance of a peremptory writ of mandamus, defendants appeal. Modified.

Argued before BARTLETT, JENKS, HOOKER, RICH, and MILLER, JJ.

James D. Bell (Edward H. Wilson, on the brief), for appellants.
Wilber W. Chambers, for respondent.

WILLARD BARTLETT, J. The relator was a member of the uniformed force of the department of street cleaning in the city of New York, in which he was employed as a sawyer. Under the charter, he could not lawfully be removed until he had been informed of the cause of the proposed removal, and had been allowed an opportunity of making an explanation; it being required that, in every case of removal, the true grounds thereof should be entered upon the records of the department. Greater New York Charter (chapter 378, p. 188, of the Laws of 1897, as amended by chapter 466, p. 242, of the Laws of 1901) § 537. The proof in this proceeding clearly establishes the fact that on the 11th day of June, 1902, the acting commissioner of street cleaning assumed to remove the relator from his position in the department as a sawyer, without informing him of the cause of his proposed removal, and without allowing him an opportunity of making an explanation. The language of the notification of discharge was: "You are hereby notified that you are discharged from this department as a sawyer, your services being no longer required." It is contended in behalf of the appellants that this was equivalent to a determination that the position of sawyer had been abolished, or that the requirements of the department were so diminished that the plaintiff's services were no longer needed, and hence that the provisions of section 537 of the charter have no application, under the authority of Phillips v. Mayor, 88 N. Y. 245, and Langdon v. Mayor, 92 N. Y. 427. We agree with the referee that the phrase, "your services being no longer required," does not necessarily import that the position of sawyer had been abrogated, or that the department of street cleaning had no longer any work for a sawyer to perform. It is really nothing more than the formal phraseology of a dismissal for which the superior officer prefers not to assign any cause or reason. The use of this language by the acting commissioner of street cleaning was not enough in itself to justify a finding by the referee that the place had been abolished, or that the department could no longer furnish any employment for a sawyer, and there is no other evidence in the record upon which to base a finding to that effect.

Under these circumstances, the court below was right in awarding a peremptory writ of mandamus for the reinstatement of the relator. The order goes too far, however, in providing for a re-

covery of his wages or salary in this proceeding. While it is true that the last clause of section 537 of the charter does provide that a removed member of the uniformed force in the street cleaning department, who is successful in a proceeding instituted to review the action of the commissioner or his deputy, shall be entitled to be reinstated, "and to receive full pay during the time of his suspension or removal from office," we do not construe this language as authorizing the recovery of compensation in the reinstatement proceeding itself; but, even if it should be so construed, there was no evidence before the referee to warrant a finding as to the amount which the relator would have been entitled to receive during the period of his enforced suspension from work.

The final order should be modified by striking out that portion thereof which directs that the relator be paid the salary appertaining to his position from January 4, 1902, up to the time of his reinstatement; and, as thus modified, it should be affirmed, without costs of this appeal to either party. All concur; HOOKER, J., not voting.