THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN J. GUTHEIL, Respondent, v. JOHN McGAW WOODBURY, as Commissioner of Street Cleaning of the City of New York, and EDWARD M. GROUT, as Comptroller of the City of New York, Appellants.

*Removal of a member of the uniformed force of the New York street cleaning department — what notice does not indicate that the employee's position was abolished and his services no longer required — recovery of pay during the period of removal in the reinstatement proceedings.*

The following notice given by the commissioner of street cleaning of the city of New York to a member of the uniformed force of that department who had been employed as a sawyer therein: " You are hereby notified that you are discharged from this department as a sawyer, your services- being no longer required," is not of itself equivalent to a determination by the commissioner that the position of sawyer had been abolished or that the requirements of the department were so diminished that the sawyer's services were no longer needed, and, therefore, does not render inoperative section 537 of the Greater New York charter (Laws of 1897, chap. 378, as amd. by Laws of 1901, chap. 466) which provides that a member of the uniformed force of the department of street cleaning cannot lawfully be removed until he has been informed of the cause of the proposed removal and has been allowed an opportunity of making an explanation.

*Semble,* that while section 537 of the charter provides that a removed member of the uniformed force in the department of street cleaning who is successful in a proceeding instituted to review the action of the commissioner or his deputy in removing him, shall be entitled to be reinstated "and to receive full pay during the time of his suspension or removal from office," it does not authorize the recovery of pay, during the period of removal, in the reinstatement proceeding itself.

APPEAL by the defendants, John McGaw Woodbury, as commissioner of street cleaning of the city of New York, and another, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 8th day of February, 1904, confirming a referee's report upon the trial of the issues arising upon an alternative writ of mandamus and the return thereto, and directing the issuance of a peremptory writ of mandamus for the reinstatement of the relator.

*James D. Bell* [*Edward H. Wilson* and *John J. Delany* with him on the brief], for the appellants.

*Wilber W. Chambers,* for the respondent.

Willard Bartlett, J. :

The relator was a member of the uniformed force of the department of street cleaning in the city of New York, in which he was employed as a sawyer. Under the charter he could not lawfully be removed until he had been informed of the cause of the proposed removal and had been allowed an opportunity of making an explanation, it being required that in every case of removal the true grounds thereof should be entered upon the records of the department. (Greater N. Y. Charter [Laws of 1897, chap. 378, as amd. by Laws of 1901, chap. 466], § 537.) The proof in this proceeding clearly establishes the fact that on the 11th day of June, 1902, the acting commissioner of street cleaning assumed to remove the relator from his position in the department as a sawyer, without informing him of the cause of his proposed removal and without allowing him an opportunity of making an explanation. The language of the notification of discharge was : " You are hereby notified that you are discharged from this department as a sawyer, your services being no longer required." It is contended in behalf of the appellants that this was equivalent to a determination that the position of sawyer had been abolished, or that the requirements of the department were so diminished that the plaintiff's services were no longer needed, and hence that the provisions of section 537 of the charter have no application, under the authority of *Phillips* v. *Mayor* (88 N. Y. 245) and *Langdon* v. *Mayor* (92 id. 427). We agree with the referee that the phrase " your services being no longer required," does not necessarily import that the position of sawyer had been abrogated, or that the department of street cleaning had no longer any work for a sawyer to perform. It is really nothing more than the formal phraseology of a dismissal for which the superior officer prefers not to assign any cause or reason. The use of this language by the acting commissioner of street cleaning was not enough in itself to justify a finding by the referee that the place had been abolished, or that the department could no longer furnish any employment for a sawyer; and there is no other evidence in the record upon which to base a finding to that effect.

Under these circumstances the court below was right in awarding a peremptory writ of mandamus for the reinstatement of the relator. The order goes too far, however, in providing for a recovery

of his wages or salary in this proceeding. While it is true that the last clause of section 537 of the charter does provide that a removed member of the uniformed force in the department of street cleaning who is successful in a proceeding instituted to review the action of the commissioner or his deputy in removing him shall be entitled to be reinstated " and to receive full pay during the time of his suspension or removal from office," we do not construe this language as authorizing the recovery of compensation in the reinstatement proceeding itself; but even if it should be so construed, there was no evidence before the referee to warrant a finding as to the amount which the relator would have been entitled to receive during the period of his enforced suspension from work.

The final order should be modified by striking out that portion thereof which directs that the relator be paid the salary appertaining to his position from January 4, 1902, up to the time of his reinstatement, and as thus modified it should be affirmed, without costs of this appeal to either party.

JENKS, RICH and MILLER, JJ., concurred; HOOKER, J., not voting.

Final order modified in accordance with the opinion of BARTLETT, J., and as modified affirmed, without costs of this appeal to either party.