Prior to February, 1902, licenses known as No. 1 and No. 2 were issued to teachers by the proper authorities in Greater New York which it is conceded would entitle the holders to be placed on the eligible list from which are to be selected those giving instruction to the graduating classes in the public schools in various boroughs of New York, except for additional by-laws which have been adopted by relator since the date above mentioned.
The relator, acting under the advice of the corporation counsel, has taken the view that the holders of these licenses are entitled to be placed on such eligible list notwithstanding subsequent by-laws and regulations which have been adopted concerning this subject, and has placed about three thousand persons holding such licenses on said eligible list.
It is urged in support of this course, first, that it was justified by a proper interpretation of all the legislation, by-laws and resolutions adopted after as well as before February, 1902, and, secondly, as I understand the argument, that the holders of these licenses acquired vested rights thereunder of which they could not be deprived by subsequent by-laws or resolutions.
The respondent Maxwell, being city superintendent of schools of the city of New York, disagreed with this action of the relator, insisting that it was not justified *Page 56 
legally and that it would result in great impairment of the efficiency of the teaching force of the public schools to place on the eligible list this large number of holders of licenses issued many years ago and many of whom he asserts are not qualified to perform the duties with which they would be intrusted if appointed from such eligible list. Holding these views he appealed to the commissioner of education of the state of New York, claiming to act under various provisions of the Education Law. The relator, denying his right to take such appeal, sued out a writ of prohibition to prevent its prosecution and thereby has presented the questions now before us on this appeal whether the respondent Maxwell was entitled to take, and the respondent Finley entitled to entertain jurisdiction of, such an appeal.
In disposing of these questions we do not deem it necessary to consider at length the elaborate arguments which have been presented respectively affirming and denying the right of the relator to place on the eligible list referred to the holders of the licenses in question, because we do not think that it is necessary or proper in the present proceeding to determine this question or to go farther than accept the view concurred in by both sides that the issue is a complicated and debatable one. We are concerned with the query whether the respondent Maxwell had the right to appeal from what he claims was the erroneous determination by relator of such question.
The provisions of law immediately governing the right to take the appeal are found in the Education Law as amended (Laws of 1910, ch. 140. § 880; Cons. Laws, ch. 16) and read as follows:
"Any person conceiving himself aggrieved may appeal or petition to the commissioner of education who is hereby authorized and required to examine and decide the same; and the commissioner of education may also institute such proceedings as are authorized under this act and his decision in such appeals, petitions or proceedings *Page 57 
shall be final and conclusive, and not subject to question or review in any place or court whatever. Such appeal or petition may be made in consequence of any action: * * *
"7. By any * * * official act or decision of any officer, school authorities, or meetings concerning any other matter under this chapter, or any other act pertaining to common schools."
It is entirely clear that the determination and action of the board of education come within the terms of subdivision 7 above quoted, and that, therefore, the subject-matter of the attempted appeal is expressly recognized by the statute as of a character furnishing the basis for an appeal.
The contention, however, is vigorously made that the respondent Maxwell was not a person who was "aggrieved" within the meaning of the statute and, therefore, authorized to take such an appeal. We disagree with this contention and think that its approval would involve a much narrower and more technical interpretation of the statute in question than was intended or would be reasonable.
By our state system of education protected by the Constitution and developed by much study and experience, the commissioner of education is made the practical administrative head of the system, and in the exercise of sound wisdom, as we believe, the legislature has deemed it best to make him the final authority in passing on many questions bound to arise in the administration of the school system, and has provided an expeditious and simple method by which a disposition of such questions could be reached through appeal to him. I think we should fail in a true and sensible interpretation of this law if we should attempt to limit the right of appeal to the commissioner of education by a rigid application of all those principles which would prevail in ordinary litigation. The language of the section which has been quoted providing that an appeal may be taken by "any person conceiving *Page 58 
himself aggrieved," and also of section 881 that the comsioner shall have power to "decline to entertain or to dismiss an appeal, when it shall appear that the appellant has no interest in the matter appealed from, and that the matter is not a matter of public concern, and that the person injuriously affected by the act or decision appealed from is incompetent to appeal," indicates to our mind that the right of appeal in the first instance is to be a broad one, leaving it to the commissioner to decline to entertain or to dismiss appeals which seem to him to involve visionary or remote grievances and interests. Of course we agree with counsel for the appellant that the mere fact that a person "conceives" himself to be aggrieved would not furnish the basis for an appeal; that the right to such appeal must rest on real reasons and not on mere mental attitude of the person who desires to take an appeal. But we do think that the word "conceives" is of some importance in connection with the other language which we have quoted as indicating that the statute is to be liberally construed in permitting appeals to the commissioner in disputes arising in the administration of our school system.
Applying this reasoning to the present case, it seems to us that it would be almost absurd from any practical standpoint to say that the superintendent of public schools in the city of New York is not interested in the decision of the board of education and was not aggrieved by it if it was erroneous. Without attempting to differentiate the powers and duties conferred upon him and upon the board of education, it is sufficient to say that under the statutes and regulations governing that subject, he is intrusted with large powers and charged with very responsible duties in the government and administration of the public schools, and is largely and vitally interested in having them properly administered. Without passing on that question at all, it is perfectly evident that if the board of education, as claimed by him, has improperly placed on the eligible list from which certain teachers are *Page 59 
to be drawn three thousand persons who are not entitled to be there, many of whom are incompetent to discharge the duties which would be assigned to them, the administration of the schools will be substantially interfered with and the successful discharge of his duties and exercise of his powers will be impeded and he is aggrieved and interested in having this decision reviewed.
It is further argued in substance that the writ of prohibition against the appeal in question should be granted for another reason. It is said that the question whether the board of education was entitled to place the holders of the licenses which have been mentioned on the eligible list was purely one of law depending on the interpretation of various statutes, by-laws and resolutions of the board of education and former school boards; that if the commissioner of education should hold that the action was proper certainly nothing would be gained by the appeal, and if, on the other hand, he should hold that the action was not proper the question of its legality would still be submitted to the courts, and, therefore, nothing would be gained and a useless proceeding should be stopped.
We are not willing to adopt this reasoning either. If, as we are holding, the legislature has deemed it wise to permit to be taken the appeal to which we have referred, we do not believe that either as a matter of policy or as a matter of law under the principles applicable to a writ of prohibition we should seek to stop its prosecution on the possibility that it may not fully and finally settle all of the questions involved in it. Moreover, we are not prepared to concede that this appeal will be so utterly futile as is claimed by the appellant. It is not to be assumed that the commissioner of education will lightly or erroneously decide the complicated questions of school administration which will be presented to him, but we are entirely justified in presuming that he will consider them deliberately and carefully and that his decision will command respect and carry much influence. If his decision *Page 60 
shall be in favor of that view of the school licenses which has been taken by the board of education, it seems reasonable to assume that it will be respected as an authority and probably settle the disputes which have arisen. If, on the other hand, he shall reach a decision adverse to the views entertained by the board of education, I am not prepared to admit that his decision will not be binding and conclusive at least on all the parties to this proceeding. By the terms of the statute it is made so and I suppose that the Legislature may provide that it shall be thus conclusive and binding upon all of the agencies of the state such as is the appellant in this proceeding. It is possible that some holder of a license not a party to this proceeding may not be barred by such decision and may be entitled to resort to ordinary legal proceedings for the purpose of establishing his asserted right. We do not decide this question, but this situation if it does arise will not be an anomaly in legal procedure and does not furnish a sufficient reason for granting the writ of prohibition which has been applied for. That contingency can be met when it arises.
The order appealed from should be affirmed, with costs.
WILLARD BARTLETT, Ch. J., WERNER, CHASE, COLLIN, HOGAN and MILLER, JJ., concur.
Order affirmed, etc.