THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN F. HYLAN, as Mayor of the City of New York, and Others, Constituting the Board of Estimate and Apportionment of the City of New York, and Others, Appellants, *v.* THOMAS E. FINEGAN, as Acting Commissioner of Education of the State of New York, Respondent.

Third Department, May 7, 1919.

Municipal corporation — city of New York — schools — Greater New York charter, section 1102, directing school moneys to be paid to city treasurer, repealed.

Section 1102 of the Greater New York charter, which directs that school moneys in the city be paid to the city chamberlain and placed in the city treasury " to the credit of the general fund for the reduction of taxation," was repealed by chapter 786 of the Laws of 1917, adding article 33a to the Education Law, because inconsistent with the provisions of sections 877, 880 and 490 of the Education Law, and, hence, said school moneys cannot be paid into the general fund and used to decrease general taxation.

APPEAL by the relators, John F. Hylan, as mayor, and others, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of

the county of Albany on the 10th day of February 1919, denying their motion for a writ of prohibition restraining the defendant from taking any further proceedings in the matter of his attempt to adjudicate and determine the proper disposition of public moneys apportioned to the city of New York under the provisions of the Education Law.

*William P. Burr, Corporation Counsel [William E. C. Mayer, George P. Nicholson* and *Terence Farley* of counsel], for the appellants.

*Frank B. Gilbert,* counsel for State Education Department, and *Charles D. Newton, Attorney-General,* for the respondent.

JOHN M. KELLOGG, P. J.:

The relators' standing in court substantially rests upon the claim that section 1102 of the Greater New York charter, which directs that school moneys in the city be paid to the city chamberlain and placed in the city treasury " to the credit of the general fund for the reduction of taxation," survives chapter 786 of the Laws of 1917, which added to the Education Law article 33-A, establishing a board of education in the cities of the State and regulating their powers and duties. It is conceded that this charter provision was not expressly repealed by the repealing clause in the amendatory act, but the general clause in the act (§ 3) repealed all acts or parts of acts, general or special, inconsistent with its provisions.

The following provisions are inconsistent with the charter provision: (1) Subdivision 7 of section 877 in the added article, which provides that the board of education " shall administer all moneys appropriated or available for educational purposes in the city, subject to the provisions of law relating to the audit and payment of salaries and other claims by the department of finance." (2) Section 880, as thus added, which provides, in substance, that public moneys apportioned to a city by the State, and all funds raised by the authorities of cities for school purposes, " shall be paid into the treasury of such city and shall be credited to the board of education," and that such funds shall be disbursed only by the authority of the board of education upon written orders drawn upon the city treasurer

or other fiscal officer of the city, to be signed by the superintendent of schools and secretary of the board of education, or as the board may direct, and that such funds shall not be paid out except upon the audit of the board of education, and (3) section 490 of the Education Law, which provides that the Commissioner of Education shall apportion the legislative appropriation for the common schools " and all moneys so apportioned shall be applied exclusively to the payment of teachers' salaries."

The question whether section 1102 of the charter survives the amendment referred to has been ably argued upon both sides, leaving nothing of moment which can be said for or against it. The question thus raised is an important one to the educational system of the State. For these reasons, and in order that the Commissioner may not be embarrassed by a conflict in the statutes, we determine that these funds cannot be paid into the general fund and used to decrease general taxation, and, therefore, the appellants had no real grievance.

It is unnecessary, in view of the able and satisfactory opinion of Mr. Justice RUDD at Special Term,* and of *People ex rel. Board of Education* v. *Finley* (211 N. Y. 51) and *Bullock* v. *Cooley* (225 id. 566), to further consider whether or not the Commissioner has the power to entertain the inquiry which he instituted. If the Commissioner in any case has power to act, he cannot go far without determining what is the law applicable to the facts before him, and if there are statutes apparently inconsistent, he must reconcile them or determine which is the law, for a repealed statute is not the law. He is to follow the law upon the subject before him, and in many cases must determine whether or not a new statute repeals an old one. We must assume that the Commissioner will keep well within his legal authority; we are not called upon to determine now whether his decision in the particular matter is or is not conclusive.

The order appealed from should be affirmed.

Order unanimously affirmed, with ten dollars costs and disbursements.

---

* See *Matter of Hylan* v. *Finegan* (105 Misc. Rep. 685).— [REP.