De Forest C. Pitt, J.
This article 78 proceeding is brought to obtain judgment setting aside and annulling certain determinations of the respondent, Commissioner of Education designated as decisions numbered 8220, 8221, and 8223, all made under date of January 26, 1971. In these determinations the respondent, Commissioner, found that the members of the Board of Education of the City School District of the City of Lackawanna, New York, could not be removed for the reason that they refused to sign a waiver of immunity before a grand jury investigating the board’s activities. Before the court is a motion to dismiss for nonjoinder of necessary parties brought by the interested members of the board, who have not been made parties to this proceeding. Also before the court is the motion of the respondent, Commissioner, to dismiss the petition.
Section 6 of article I of the Constitution of the State of New York provides in pertinent part for the removal and disqualification of any public officer or public employee who refuses to sign a waiver of immunity against subsequent criminal prosecution, upon being called before a grand jury, or who refuses to answer any relevant questions before a grand jury. The Commissioner, in his subject decisions made in the exercise of his quasi-judicial powers, concluded that the noted constitutional provision could not be employed by him as a basis for the removal of the board members. This position was reached in view of the holdings of the United States Supreme Court in the cases of Gardner v. Broderick (392 U. S. 273), Sanitation Men v. Sanitation Comm. (392 U. S. 280) and Perla v. New York (392 U. S. 296). The Perla case directly held the subject provision of the State Constitution to be violative of the United States Constitution. Thus the respondent, Commissioner, found it necessary to interpret judicial decisions in one aspect of his determination, which basically concern themselves with matters of urgent educational concern. This is neither improper nor unusual, and cannot be said, in this instance, to remove this court from the restrictions *986 placed upon the reviewability of the Commissioner’s decision.
With regard to the above the language employed by the Court of Appeals in Matter of Vetere v. Allen, (15 N. Y. 2d 259, 265-266) is to be noted. “ The purpose of the grant of quasi-judicial powers under section 310 of the Education Law is ‘ to make all matters pertaining to the general school system of the state within the authority and control of the department of education and to remove the same as far as practicable and possible from controversies in the courts ’ (Bullock v. Cooley, 225 N. Y. 566, 576-577 [1919]). ‘ By our state system of education protected by the Constitution and developed by much study and experience, the commissioner of education is made the practical administrative head of the system, and in his exercise of sound wisdom, as we believe, the legislature deemed it best to make him the final authority in passing on many questions bound to arise in the administration of the school system, and has provided an expeditious and simple method by which a disposition of such questions could be reached through appeal to him ’ (People ex rel. Board of Educ. of City of N.Y. v. Finley, 211 N. Y. 51, 57 [1914]). ‘In appraising the judicial nature of the act of the Commissioner of Education, it must be remembered that he combines both judicial and administrative functions. When he decides appeals where he has occasion to construe statutes, he undoubtedly acts in a judicial capacity. But in passing upon the propriety of educational policy by a particular school board or 'school district, he acts in a broader capacity than the courts, by reviewing at times administrative acts of discretion of which a court would refuse to take cognizance. ’ (Matter of Craig v. Board of Educ. of City of N. Y., 173 Misc. 969, 977, affd. 262 App. Div. 706 [1941]. See, also Matter of Ross v. Wilson, 308 N. Y. 605, 617 ; State Commissioner’s opinion of Feb. 15, 1965 in Matter of Dixon v. Board of Educ. of City School Dist. of City of Buffalo ; L. 1812, ch. 242 ; L. 1854, ch. 97 ; 7.1864, ch. 555.)
The subject decisions of the Commissioner of Education reflect a thorough, studied and well considered approach to a most serious educational problem. This court finds nothing approaching arbitrariness or error of law in the Commissioner’s treatment thereof. Accordingly, Commissioner’s motion to dismiss will be granted.
The above resolution renders unnecessary treatment of the motion to dismiss upon the grounds of nonjoinder of necessary parties.