George L. Cobb, J.
This proceeding (CPLR art. 78) is brought to review the decision of the Commissioner of Education which upheld the elimination by the respondent Board of Education of the position then being occupied by the petitioner.
It appears that during the school year 1970-71, and for some time prior thereto, the petitioner was the director of guidance of the respondent school district, and that in April of that school year the respondent Board of Education, in the name of economic retrenchment, made a number of organizational changes, including one which eliminated the position then occupied by the petitioner. Under the plan, the administrative duties of the petitioner were reassigned to the principal of the secondary school and his student counseling activities were divided among six teacher-counselors, each of whom was now required to counsel as well as instruct.
In this proceeding the petitioner argues that he is entitled to relief because (1) due process of law, as mandated by the Federal and State Constitutions (U. S. Const., 14th Arndt., § 1; N. Y. Const., art. I, § 6) requires that he be afforded an evidentiary hearing before he may be deprived of his position, and (2) the fractionalization of the duties of his position among other members of the staff violates subdivision 2 of section 2510 of the Education Law and subdivisions (a) and (d) of section 100.1 of the Regulations of the Commissioner (see 8 NYCRR 100.1 [a], [d]).
As for the argument that the petitioner’s position may not be abolished unless he has been afforded an evidentiary hearing, the court points out that a public office is not property in the sense that removal of the incumbent without a hearing is a taking of property without due process of law. (People ex rel. Woodward v. Draper, 67 Misc. 460, affd. 142 App. Div. 102, affd 202 N. Y. *212 612.) In the absence of restraints imposed by the Constitution or by statute, the power to appoint to a public office implies the power to remove when no definite term is attached to the office bylaw (People ex rel. Griffin v. Lathrop, 142 N. Y. 113,116), and, therefore, in the absence of some constitutional or statutory provision to the contrary, the respondent Board of Education was entitled to discharge the petitioner at any time, with or without cause (N. Y. Const., art. XIII, § 2; People ex rel. Cline v. Robb, 126 N. Y. 180, 182).
The petitioner is, of course, entitled to the statutory protection of the tenure laws and, if his removal was to be had upon charges, the respondent board must necessarily comply with the procedures mandated by section 3020-a of the Education Law. However, no hearing upon charges is mandated when the public employee is not removed from office but the office he holds is abolished (Phillips v. Mayor, etc., City of N. Y., 88 N. Y. 245).
As for the petitioner’s claim that he was entitled to an evidentiary hearing before the Commissioner, it has been held that no constitutional guarantee or applicable statute requires it (Matter of O’Brien v. Commissioner of Educ. of State of N. Y., 3 A D 2d 321, app. dsmd. 4 N Y 2d 140, app. dsmd. and cert. den. sul nom. Murphy v. Commissioner of Educ. of N. Y., 361 U. S. 117).
Under some circumstances, a judicial hearing at Special Term is required in order to properly dispose of a proceeding like this, but, to be entitled to a hearing, a petitioner must demonstrate ‘ ‘ that there is a triable issue of fact, the resolution of which in his favor would leave no rational basis for the administrative decision” (Matter of O’Brien v. Commissioner of Educ. of State of N. Y., supra, p. 325).
The record before the court reveals that there is no serious dispute as to the underlying facts. Instead, the dispute between the petitioner on the one hand and the respondents on the other is the educational soundness and the legal validity of the steps that were taken by the respondent board in connection with its reorganization plan. Since the Commissioner’s action Which is here under review cannot be disturbed by any court unless his action can properly be termed ‘ ‘ purely arbitrary ’ ’ (Matter of Board of Educ. of City of N. Y. v. Allen, 6 N Y 2d 127, 141; Matter of Lubell v. Nyquist, 31 A D 2d 569, mot. for lv. to app. den. 23 N Y 2d 645), the court cannot, in this proceeding, grant the petitioner any relief because the Commissioner’s decision has a rational basis in the admitted facts.
Subdivision 2 of section 2510 of the Education Law says that whenever a Board of Education abolishes a position under this *213 chapter, the services of the teacher having the least seniority in the system within the tenure of the position abolished shall be discontinued. The petitioner says the respondent board violated this statute when it reassigned to six teacher-counselors most of the duties of the position he formerly occupied, because his seniority as director of guidance was superior to that of any of the teachers who will now share these counseling duties. While the court knows of no precedent in this State directly in point, courts elsewhere have generally refused to accept as valid the argument petitioner makes here (see, e.g., Public School Teacher-Dismissal, Ann. 100 ALR 2d 1141, §§ 14, 15, subd. [b]). These holdings indicate that fractionalization is not, ipso facto, violative of tenure laws and, therefore, the action of the Commissioner of Education in this case in refusing to find illegality cannot be termed ‘ purely arbitrary ’
Lastly, the petitioner says that, in upholding the reorganization plan, the Commissioner has violated his own regulations, which require that ‘ ‘ A guidance and counseling program shall be provided ’ ’ on the high school level, which program shall include “ the services of personnel certified for guidance service ”, and which regulations further require that “ There shall be a definite and effective plan of pupil guidance, including the services of personnel certified for guidance service. ” (8 NYCRR 100.1 [a], [d].) The Commissioner, however, points to the fact that four of the six teacher-counselors are currently certified in guidance and that the remaining two, while uncertified, have some experience within this field. Since, under our State system of education, the Commissioner has been delegated the final authority to pass on questions which arise in the administration of school systems (People ex rel. Board of Educ. of City of N. Y. v. Finley, 211 N. Y. 51, 57), the court should not and will not override his determination that the plan adopted by the respondent board is a suitable, proper and effective method of furnishing guidance services to the pupils attending Ellicottville Central Schools.
The petition will be dismissed.