Edward S. Conway, J.
This is a petition under CPLR article 78 by the Harrison Central School District, hereinafter referred to as School District, for an order: (1) annulling the determination of the Acting Commissioner of Education, Gordon M. Ambach, of January 16, 1975 with respect to the appeal of Joseph Vassallo; and (2) stating that the School District does not have any further contractual obligation to Mr. Vassallo.
The petition indicates that Joseph Vassallo had been appointed by the School District as School District attorney for three consecutive one-year appointments commencing July 1, 1969 through July 1, 1972. On July 5, 1972, the School District appointed the said Mr. Vassallo for a two-year period terminating June 30, 1974. The reason given, as shown by the minutes of the meeting, for the two-year appointment instead of the one-year appointment as in the past, was that Mr. Vassallo had been involved in a building program which "will take about two more years to complete.” On July 3, 1973, after one year had been completed under Mr. Vassallo’s two-year contract of July 5, 1972 aforesaid, the School District *1043 voted to give him a new appointment for three years, to expire on June 30, 1976.
The Board of Education of the School District is comprised of seven members. As a result of the school board elections conducted in June of 1974, two new members were elected to the board. In July of 1974, the School District, by majority vote, terminated Mr. Vassallo’s appointment as School District attorney and designated a new attorney to serve for a one-year term until June 30,1975.
Mr. Vassallo appealed to the Commissioner of Education seeking to compel the School District to retain him for the additional two years of his appointment or to compensate him therefor. The decision of the Commissioner of Education granted him the relief sought, and it is that decision which is challenged in the instant proceeding as being arbitrary, capricious and unlawful.
The petitioner contends that the commissioner’s decision violates section 2 of article XIII of the New York State Constitution (where the duration of the office is not fixed by Constitution or statute, such office shall be held during the pleasure of the authority making the appointment), and further, that the contract in question (appointing Mr. Vassallo to a three-year term) was wholly beyond the powers of the School District (ultra vires) and hence void.
The court must agree with these contentions of the petitioner. Respondent Vassallo herein was an appointee of the School District whose term of office shall be held at the pleasure of the appointing School District. The power of the School District to appoint implies the power to remove when no definite term is attached to the office by statute (People ex rel. Griffin v Lathrop, 142 NY 113, 116; Matter of Beers v Nyquist, 72 Misc 2d 210, 212). The office of School District attorney is a highly confidential one and the appointing authority should have the right to appoint and remove respondent at any time.
The respondents contend that the petitioner had the right to enter into the contract of July 3, 1973 with Mr. Vassallo, and that it should honor same.
The court cannot agree with respondents. As the New York Court of Appeals held in Palmer v Board of Educ. of Union Free School Dist. No 2, Town of Geddes (276 NY 222, 229): "There can be no right to make an appointment or contract which would create a legal right of tenure where the Constitu *1044 tion forbids the creation of such a right.” It was a violation of the Constitution to appoint a school board attorney under a multiyear agreement which waived or limited the School District’s authority to terminate such appointment at its pleasure (NY Const, art XIII, §2). Respondent Joseph Vassallo, a School District attorney, is an exempt employee who serves at the pleasure of the appointing board (People ex rel. Garvey v Prendergast, 148 App Div 129).
Therefore, the commissioner’s determination is reversed as being contrary to law, and the petition is granted.