■ In the Matter of ABRAHAM WATERS, Appellant, v CITY OF GLEN COVE, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Mayor of the City of Glen Cove, rendered June 26, 1989, which, after a hearing, suspended the petitioner from his employment for four days, without pay, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Brucia, J.), dated February 22, 1990, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner's contention that the Mayor was not authorized pursuant to Civil Service Law § 75 (2) to conduct the disciplinary hearing is without merit. It is an elementary principle of law that an appointing authority possesses the power to remove an employee *(see, e.g., People ex rel. Corrigan v Mayor of City of Brooklyn,* 149 NY 215, 223-224; *Matter of Beers v Nyquist,* 72 Misc 2d 210, 212; 1974 Opns Atty Gen 204). Glen Cove City Charter § 2-4 entitled "Mayor; Duties", provides, *inter alia,* that "[t]he Mayor, with the consent of four [4] members of the [City] Council, exclusive of the Mayor, shall appoint * * * all employees not elected by the people except as otherwise provided by law or by this Charter". Consequently, although the Mayor must appoint employees with the City Council's consent, it is the Mayor who possesses the power of appointment *(see,* 1974 Opns Atty Gen 204). Similarly, it is the Mayor who wields the power of removal *(see, People ex rel. Corrigan v Mayor of City of Brooklyn, supra),* and that power is not subject to the consent or approval of the City Council *(see,* 1974 Opns Atty Gen 204). Pursuant to the mandate of the Civil Service Law, the Mayor of the City of Glen Cove had the authority to conduct the petitioner's disciplinary hearing, without the City Council's authorization, and to determine the proper punishment.

With respect to the penalty, the Mayor's four-day suspension of the petitioner, without pay, is not so disproportionate to the offense of insubordination, e.g., the petitioner's refusal to obey the orders of his supervisors, as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 223).

We have examined the petitioner's remaining contentions

and find them to be without merit. Bracken, J. P., Lawrence, Eiber and Santucci, JJ., concur.