Judgment, Supreme Court, New York County (Michael D. Stallman, J.), entered February 3, 2012, denying the petition which sought to annul the determinations by the City respondents approving the proposed expansion of the Hospital for Special Surgery’s (HSS) campus, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The record establishes that the municipal respondents’ took a “hard look” at the anticipated adverse environmental impact of HSS’s planned expansion and provided a “reasoned elaboration” of the basis for its determination (see Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d 219, 231-232 [2007]; Akpan v Koch, 75 NY2d 561, 570 [1990]). We conclude that its determination permitting the proposed expansion is not arbitrary and capricious.
Contrary to petitioners’ contention, the final environmental impact statement (FEIS) considered the special modification of the loading berths requirement, reviewed the issues of traffic, noise, air pollution and pedestrian flow and safety, and concluded that no significant adverse impacts will result from additional deliveries. The FEIS also considered and responded *643 to all of petitioners’ concerns regarding the adequacy of current loading facilities for the expansion.
The City Planning Commission’s (CPC) determination to grant HSS’s special permit application to allow a modification to off-street loading requirements pursuant to NY City Zoning Resolution § 74-682 is rational and not arbitrary and capricious (see Kettaneh v Board of Stds. & Appeals of the City of N.Y., 85 AD3d 620, 621 [1st Dept 2011], lv dismissed in part, denied in part 18 NY3d 919 [2012]; Matter of Sasso v Osgood, 86 NY2d 374, 384 n 2 [1995]). CPC rationally found that HSS’s loading berths are adequate to service the needs of the institution and accessible to all uses in HSS without the need to cross any street at grade. CPC also rationally found that the loading berths are located so as not to adversely affect the movement of pedestrians or vehicles on the streets surrounding HSS.
Contrary to petitioners’ contentions, the operational condition of the loading berths was considered by CPC and any issues relating thereto were addressed by HSS. Petitioners’ challenge to the size of the loading berths is also unavailing. Although they do not meet the size regulations provided in NY City Zoning Resolution § 25-74, those requirements are inapplicable to buildings such as the one in question built prior to 1961. CPC properly determined that the two berths comply with the provisions of the Zoning Resolution for off-street loading berths in effect at the time the building was constructed (see NY City Zoning Resolution § 25-72). Concur — Tom, J.P., Mazzarelli, Moskowitz and Gische, JJ.