■ In the Matter of TAMARA SILVERMAN, Appellant, v GLADYS CARRION, Respondent. [45 NYS3d 421]—

Order and judgment (one paper), Supreme Court, New York

County (Alexander W. Hunter, Jr., J.), entered July 14, 2015, inter alia, denying the petition to annul respondent's determination, dated October 20, 2014, which sustained charges that petitioner disclosed confidential information and disobeyed supervisors' orders, and imposed a penalty of a 23-day unpaid suspension, and dismissing the proceeding, unanimously affirmed, without costs.

Since this proceeding presents no substantial evidence question, the CPLR article 78 court correctly declined to transfer it to this Court (*see* CPLR 7803 [4]).

The determination that petitioner was insubordinate is rationally based in the record and not arbitrary and capricious (*see Matter of Baker v Mahon*, 72 AD3d 811 [2d Dept 2010]; CPLR 7803 [3]). It is undisputed that petitioner walked out of a performance evaluation meeting, in open disregard of her supervisors' admonition that she stay and receive their guidance on her performance.

There is no evidence that the Administrative Law Judge's findings (which were adopted by respondent) were rooted in bias. The determination that petitioner disclosed confidential information is rationally based in the record, which shows that petitioner copied her personal attorney on an email disclosing confidential information about children under her care at a juvenile detention center, in violation of governing law (*see* Social Services Law § 372 [1], [4] [a]) and the agency code of conduct. Petitioner's alleged concern about her direct supervisor's inefficiency, based on repetitive emails requesting information that petitioner had already provided to her, does not rise to the level of a complaint about government "waste" (New York City Charter § 2604 [b] [4] [permitting disclosure of certain information by a public servant that she "knows or reasonably believes to involve waste, inefficiency, corruption, criminal activity or conflict of interest"]; *see Munafo v Metropolitan Transp. Auth.*, 2003 WL 21799913, *8-9, 2003 US Dist LEXIS 13495, *26-28 [ED NY, Jan. 22, 2003, Nos. 98 CV-4572 (ERK), 00-CV-0134 (ERK)]). In any event, petitioner could have reported her supervisor without disclosing confidential information. Nor does the First Amendment protect the disclosure (*see Jacobs v Schiffer*, 204 F3d 259, 265-266 [DC Cir 2000]).

The penalty, a suspension of three days for the insubordination and 20 for the disclosure of confidential information, is not shockingly disproportionate to petitioner's misconduct (*see e.g. Matter of Waters v City of Glen Cove*, 181 AD2d 783 [2d Dept 1992] [four-day suspension for insubordination]; *Matter of*

*Silverstein v Goldin*, 55 AD2d 561 [1st Dept 1976] [15-day suspension for insubordination notwithstanding unblemished 26-year record]; *Matter of Price v Delaney*, 81 AD2d 837, 837 [2d Dept 1981] [one-month suspension for disclosure of confidential information]).

Petitioner's remaining contentions are without merit. Concur—Acosta, J.P., Mazzarelli, Manzanet-Daniels, Webber and Gesmer, JJ.