Matter of Edgewater Apts., Inc. v New York City Planning Commn. (2019 NY Slip Op 08541)





Matter of Edgewater Apts., Inc. v New York City Planning Commn.


2019 NY Slip Op 08541


Decided on November 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 26, 2019

Friedman, J.P., Tom, Webber, Gesmer, Oing, JJ.


9968 152211/18

[*1]In re Edgewater Apartments, Inc., Petitioner-Appellant,
v
New York City Planning Commission, et al., Respondents-Respondents.


Morrison Cohen LLP, New York (Y. David Scharf of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Jeremy W. Shweder of counsel), for New York City Planning Commission, respondent.
Fried, Frank, Harris, Shriver & Jacobson LLP, New York (Janice Mac Avoy of counsel), for Hospital for Special Surgery, respondent.



Judgment, Supreme Court, New York County (Carol R. Edmead, J.), entered August 2, 2018, denying the petition to annul a determination of respondent New York City Planning Commission (the Commission), dated November 13, 2017, which granted an application by respondent Hospital for Special Surgery (HSS) for renewal of a special permit to construct a new hospital building, and dismissing the proceeding brought pursuant to CPLR article 78, affirmed, without costs.
The Commission's determination that "the facts upon which the ... special permit was granted have not substantially changed" (Zoning Resolution [ZR] § 11-43) was rationally based in the record and not contrary to law (see Matter of Silverman v Carrion, 146 AD3d 570, 571 [1st Dept 2017]; Matter of Partnership 92 LP & Bldg. Mgt. Co., Inc. v State of N.Y. Div. of Hous. & Community Renewal, 46 AD3d 425, 428 [1st Dept 2007], affd 11 NY3d 859 [2008]). We accord deference to the Commission's rational construction of the statute, to mean that the "facts" to be assessed refer to the scope and terms of the permitted project, rather than external factors, such as environmental impacts that may have resulted from area development during the years since the original grant of the special permit (see Matter of Terrace Ct., LLC v New York State Div. of Hous. & Community Renewal, 18 NY3d 446, 454 [2012]; Matter of Goodstein Constr. Corp. v Gliedman, 117 AD2d 170, 179 [1st Dept 1986] [Sandler, J., concurring] ["the City Planning Commission (is) a body with special experience and competence in land use matters"], affd 69 NY2d 930 [1987]). While we do not deprecate petitioner's view that changes in external factors should have been considered before the permit was renewed, whether a full-scale reassessment of the project's impact was needed was a matter committed to the Commission's discretion, which was rationally exercised here.
We likewise agree with respondents' harmonizing of ZR §§ 11-42(d) and 11-43, to provide that initiation of litigation challenging a permit determination defers commencement of a lapse period until entry of the final order in such litigation. In particular, the 10-year cap referred to in section 11-43 does not absolutely limit an aggregate lapse period to 10 years from the original permit's effective date, but rather merely refers to the maximum duration of lapse periods without counting any tolls effected by operation of section 11-42(d). We note that construction of section 11-43 as imposing an absolute 10-year cap would frustrate the statutory scheme's purpose of enabling streamlined permit renewal procedures, by making it possible for determined litigants to destroy the effectiveness of special permits by bringing repeat litigations to delay "substantial construction" until 10 years from the original effective date (see Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 425 [1986] ["If upon the coming [*2]down of the administrative order litigants might demand rehearings as a matter of law because some new circumstance has arisen, . . . there would be little hope that the administrative process could ever be consummated"] [brackets omitted]).
Here, since the prior litigation initiated by petitioner concluded on June 27, 2013 (see Matter of Hand v Hospital for Special Surgery, 107 AD3d 642 [1st Dept 2013]), the four-year special permit lapse period was due to end on June 27, 2017. HSS's permit renewal application on June 19, 2017, was thus timely.
All concur except Tom, J. who concurs
in a separate memorandum as follows:




TOM, J. (concurring)


I agree with the majority that the judgment denying the petition and dismissing the proceeding must be affirmed. However, it seems to me that the purpose of SEQRA and CEQR and related regulations would be better served if a new environmental impact study were made. During the decade since the original approval of the project, eight new medical facilities were constructed in the project's vicinity, causing, in addition to the scale and density of these developments, an increase in traffic, noise, pollution and other adverse impacts on the neighborhood that the City Planning Commission did not reach. The better process would have been to examine these impacts in connection with the application to renew the permit after these several years. This strikes me, and likely the public and, manifestly, local residents, as a sounder planning approach even if the legal analysis, grounded in the rationality rather than the wisdom of the determination, proceeds along a much narrower path.
However, I concede that the passage of time is not a dispositive factor in our review and that we afford substantial deference to the land use agency exercising its specialized
knowledge in interpreting the relevant provisions of the zoning resolution as applied to a land use application.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 26, 2019
DEPUTY CLERK